LUCY F. MAYFIELD *et al.*

*v.*

ROBERT N. FORSYTH *et al.*

*Filed at Springfield November 10, 1896.*

1. TRUSTS—*a resulting trust arises from acts, and not by contract.* A resulting trust does not arise by contract, but, by implication of law, from acts, independently of agreement.

2. SAME—*on what facts the law will raise a resulting trust.* When lands are purchased by one person with his own funds and title is taken in the name of another, such other holds the title in trust for the party paying the consideration.

3. SAME—*express trust relating to land must be in writing.* Where, upon a voluntary conveyance of land, a verbal agreement is made by the grantee to pay the grantors for the interests conveyed, at some future time, the trust created by the agreement, if any is created, is an express trust, and void because not in writing.

4. SAME—*when a voluntary conveyance does not raise a resulting trust.* An agreement by an heir, upon the quit-claiming by the others of their interests in the estate to him to enable him to straighten out affairs at less expense, that he would pay for their interests as soon as he could, does not create a resulting trust in such lands.

5. LACHES—*when relief will be barred by.* Delay of thirty-one years by heirs after conveying their interests in lands to a co-heir will bar their bill for partition of the lands conveyed, and an accounting, when the grantee has held continuous possession.

APPEAL from the Circuit Court of Logan county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

W. D. WYATT, for appellants.

BEACH & HODNETT, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was a bill in equity brought by appellants, against Robert N. Forsyth and Ann Forsyth, for partition, for an accounting and for general relief. It appears from the record that on the 25th day of May, 1864, one Robert N. Forsyth died intestate in Logan county, leaving him surviving eleven children or descendants of children as his heirs-at-law. The deceased, at the time of his death,

owned the east half of the south-east quarter of section
24 and the south half of the south-east quarter of the
north-east quarter of section 24, both in township 20,
north, range 3, west, in Logan county, containing one
hundred acres. The complainant Lucy F. Mayfield, as
daughter and heir-at-law of the deceased, claims an undi-
vided one-eleventh of the land, Rebecca F. Beidler, daugh-
ter and heir-at-law, claims an undivided one-eleventh,
and the other complainant, Cora Belle Riggs, as heir-
at-law of Emeline Warner, who was a daughter of the
deceased, claims an undivided one-eleventh. All the
other heirs of the deceased, prior to the filing of the bill,
conveyed their respective interests in the land to the
defendant Robert N. Forsyth, who was also a son of the
deceased. There is therefore no controversy over eight-
elevenths of the land, and it will not be necessary to make
any reference to that interest. The controversy is over
the three-elevenths claimed by the complainants. The
defendants interposed a demurrer to the bill, which the
court sustained. Complainants then amended their bill,
and a demurrer was filed to the amended bill, which the
court sustained, and complainants electing to abide by
their bill, judgment was entered dismissing the bill.

The bill and amended bill are quite voluminous, but
it will not be necessary to set out in detail the various
allegations. The question, and the only one which it will
be necessary to consider, is, whether, under the allega-
tions of the bill and amended bill, the facts therein
stated are sufficient to entitle complainants to relief in a
court of equity. And first it is claimed that the transac-
tion established a resulting trust, and a court of equity
will compel the defendant Robert N. Forsyth, as trustee,
to convey or account for the land.

A resulting trust does not arise by contract, but, by
implication of law, from acts, independently of an agree-
ment. (*Sheldon* v. *Harding*, 44 Ill. 68; *Holmes* v. *Holmes*, 44
id. 168.) Where lands are purchased by one and paid for

164—3

by him but the title is taken in the name of another, the lands will generally be held by the grantee in trust for the person who pays the consideration. (*Emmons* v. *Moore*, 85 Ill. 304.) Here it appears, from the allegations of the bill, that on the 6th day of June, 1864, Lucy F. Mayfield, Rebecca F. Beidler and Emeline Warner, (the latter being the mother of Cora Belle Riggs,) the parties who then owned the three-elevenths of the land now in controversy, by deed of that date conveyed all their right, title and interest in and to the land in dispute to the defendant Robert N. Forsyth. The deed was duly acknowledged before a notary public, as required by law, and recorded in the recorder's office of Logan county. It is alleged in the bill that soon after the death of Forsyth the defendant Robert N. Forsyth had caused to be prepared a quit-claim deed, and for the purpose of defrauding complainants called on complainant Lucy F. Mayfield and said: "Father's estate is terribly tangled up and involved, and if it is settled up in the courts it will be eaten up by the lawyers and costs, and the only way this misfortune and trouble can be averted and prevented is for the heirs to convey and assign to me their respective rights and interests in the estate, so I can settle up the estate without its having to be taken into the courts, and so save the costs and lawyers' fees which would be incurred if it goes into the courts, and so soon as I can do it, or make the money or arrangements to do so, after settling up the estate I will pay you. If you will sign this writing, which is merely formal, it will be the best thing for all of us concerned." Relying upon his acting in good faith and honestly, she signed said written instrument without reading it or its being read to her or knowing what it contained, only as stated by him. It is further alleged that after Lucy F. Mayfield had signed said instrument in writing said Robert N. took the same to Abram Mayfield and presented the same to him for his signature, whereupon Abram Mayfield asked him why he wished such assign-

ment at that time, to which query he said or replied, "O, it is merely formal and to enable me to settle up the estate without its going through court, and after I get the settlement of the estate made we will all divide it out among ourselves;" that he so stated to others who signed said instrument in writing, and in fact such was the understanding with all the persons who signed said paper; that said interests were so conveyed or signed in trust for the use and benefit of all persons who signed the same, and for the purpose of having said estate settled without administration thereof being had in the usual way in court and to save expenses and paying attorneys fees, and for no other or different reason or purpose whatsoever, on the part of Lucy F. Mayfield, Emeline Warner, Matilda Forsyth and Abram Mayfield, or either or any of them; that if any title to the said realty passed to said Robert N. by such pretended conveyance it did so simply in trust for the use and benefit of said Lucy F. Mayfield, Rebecca Beidler, Matilda Forsyth and Emeline Warner, their heirs and assigns, and that, moreover, the whole transaction, as an entirety, even without a promise on the part of said Robert N., created a resulting trust.

No argument is required to show that the transaction did not create a resulting trust. What was done by the parties contains no element of a resulting trust. No land was purchased in the name of one person with money belonging to another. The complainants, as appears from the bill, voluntarily conveyed their interests in the land, relying on the verbal promise of Robert N. to convey back the lands when his father's estate was settled, or pay for the same. If any trust was created by what the parties did it was an express trust, which would be void unless evidenced by a writing. (*Biggins* v. *Biggins*, 133 Ill. 211.) A similar question arose in *Stevenson* v. *Crapnell*, 114 Ill. 19, and it was there said (p. 21): "Whatever of condition or understanding there was as to William B. Cornell holding the deed or land, was verbal, only, and so far as

there might be supposed to arise therefrom any trust it was an express trust, which would be invalid because of not being manifested by some writing signed by the party declaring the trust. (Rev. Stat. 1874, chap. 59, sec. 9.) Where there is an express trust there cannot be a resulting or implied trust. (*Kingsbury* v. *Burnside*, 58 Ill. 310.) A voluntary conveyance cannot be held to create a resulting trust for the grantor.—*Jackson* v. *Cleveland*, 15 Mich. 94." So in the case under consideration, the defendant Robert N. took the title to the land agreeing to hold it, settle the estate and reconvey the land or pay for it. If any relation of trust was created it was nothing but an express trust, void under the statute. There is therefore no ground for a recovery in behalf of complainants on the theory that the transaction between them and Robert N. was a resulting trust.

But if the transaction was one which might be regarded as sufficient to create a resulting trust, complainants could not then recover because barred by their *laches.* As has been seen, Robert N. obtained a deed from the complainants on the 6th day of June, 1864. After he received the deed it was placed of record, and he has occupied the land as owner ever since, the complainants residing in the neighborhood, and yet no bill was filed until March, 1895. Here was a period of almost thirty-one years in which the complainants, with a full knowledge of all the facts in relation to the manner in which Robert N. acquired the land, have remained silent, and made no effort whatever to set up any claim or assert any rights to the land. The delay is inexcusable, and this court has held in numerous cases that a delay for a much shorter period will bar a recovery. *Beach* v. *Shaw,* 57 Ill. 17; *Owen* v. *Peacock,* 38 id. 33; *Carpenter* v. *Carpenter,* 70 id. 457; *Brown* v. *Brown,* 154 id. 35; *Quayle* v. *Guild,* 91 id. 378; *McDearmon* v. *Burnham,* 158 id. 55.

The decree of the circuit court will be affirmed.

*Decree affirmed.*