(No. 11913.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE P. POWERS, Plaintiff in Error.

*Opinion filed April 17, 1918.*

1. APPEALS AND ERRORS—*when question of validity of statute permitting prosecution on unverified information is waived.* The question of the validity of the statute permitting a prosecution upon an unverified information by the State's attorney cannot be considered in the Supreme Court on writ of error to the Appellate Court to review a judgment affirming a conviction for a misdemeanor where the question was not raised in the trial court or in the Appellate Court, which considered and decided every assigned error upon which it had jurisdiction to pass. (*Dietz* v. *Big Muddy Coal Co.* 263 Ill. 480, distinguished.)

2. SAME—*when former decision of Appellate Court is not res judicata.* Where the Appellate Court reverses a judgment and remands the cause for new trial on the ground that the evidence is insufficient, and the same case is afterward before the court on the same or practically the same proceedings and evidence, the former decision is *res judicata,* but such is not the case where there is further and material evidence introduced on the second trial supporting the verdict and judgment.

3. SAME—*courts will take notice of their records on former appeal.* Courts know their own records, and on appeal or writ of error will take notice of the record in the same case on a former appeal or writ of error upon suggestion and without any proof identifying the record.

4. SAME—*Supreme Court may examine Appellate Court's opinion to determine whether rule of res judicata applies.* Whether a former decision by the Appellate Court is *res judicata* on a second writ of error depends upon whether the record is substantially the same, and for the purpose of ascertaining whether the Appellate Court should have applied the rule of *res judicata* the Supreme Court may examine the opinion of the Appellate Court.

· 5. SAME—*when questions decided by Appellate Court are not binding on the Supreme Court.* Questions decided by the Appellate Court on either the first or second writ of error to review a judgment of conviction for a misdemeanor are not binding upon the Supreme Court, as the statute relating to recitals of fact in the judgment of the Appellate Court does not, and could not constitutionally, apply to criminal cases.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the County Court of Boone county; the Hon. WILLIAM C. DEWOLF, Judge, presiding.

WILLIAM L. PIERCE, and ALEXANDER J. STROM, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, F. A. OAKLEY, State's Attorney, and EDWARD C. FITCH, for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

George P. Powers, plaintiff in error, was convicted in the county court of Boone county of maintaining a nuisance by keeping a place where intoxicating liquor was sold in violation of law and was sentenced to confinement in the county jail for fifty days and to pay a fine of $100 and costs. The Appellate Court for the Second District affirmed the judgment, and the record has been brought to this court by writ of error.

In the brief and argument for the plaintiff in error it is contended that the judgment of the Appellate Court must be reversed for two reasons: First, because the information was insufficient to sustain the judgment of the county court; and second, because the questions of law and fact presented to the Appellate Court were *res judicata* in favor of the plaintiff in error by reason of a former judgment in the same cause finding the plaintiff in error not guilty as a conclusion of fact under the same information.

The first proposition is divided and argued under four different heads: First, that the information, not being verified as required by section 6 of the bill of rights, did not authorize any judgment; second, that the constitutional question arose after the case was in the Appellate Court

and had not been passed upon by this court when the writ of error was sued out from that court; third, that the fact of the insufficiency of the information to sustain the judgment could be availed of on motion in arrest of judgment or in this court on error; and fourth, that the People, to sustain the judgment, must show a record legally sufficient to sustain it.

It cannot be denied that the prosecution of the plaintiff in error under the information, which was not verified, was a violation of his constitutional right, (*People* v. *Clark,* 280 Ill. 160; *People* v. *Honaker,* 281 id. 295;) and the constitutional question could be raised by motion in arrest of judgment and on error from this court to the trial court. Section 117 of the County Court act permits a prosecution upon information of a State's attorney not verified by affidavit, but the question whether that statute violates section 6 of the bill of rights is one within the exclusive jurisdiction of this court, which cannot review a decision of the Appellate Court except upon error of which that court had jurisdiction, and by his action the plaintiff in error elected to, and did, waive the question of the validity of the statute. *Town of Scott* v. *Artman,* 237 Ill. 394; *Vermilion Special Drainage District* v. *Shockey,* 238 id. 237; *Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* v. *City of Chicago,* 242 id. 178; *Luken* v. *Lake Shore and Michigan Southern Railway Co.* 248 id. 377; *People* v. *Viskniskki,* 255 id. 384.

The Appellate Court is equally bound with every other court to observe and regard constitutional rights of a litigant, and a writ of error from this court to the Appellate Court will lie on the ground that it has disregarded or violated constitutional rights. (*Sixby* v. *Chicago City Railway Co.* 260 Ill. 478.) The question of the validity of the statute in this case did not arise in the Appellate Court. It is not claimed that in the proceeding in the Appellate Court there was any violation of a constitutional right or that

the court did not consider and decide every error assigned of which it had jurisdiction. The question of the validity of the statute was involved only in the trial court and can not be considered here on the ground that it arose in the Appellate Court. The decision in *Dietz* v. *Big Muddy Coal and Iron Co.* 263 Ill. 480, does not afford any ground for considering the constitutional question. This court has refused to entertain jurisdiction of an appeal to or writ of error from this court on the ground that a constitutional question is involved when the question has been decided and settled by this court, and the reason given in that case for entertaining a direct appeal was that the case was brought to this court before the decision on the constitutionality of the Workmen's Compensation act had been made public and the question might be regarded as still unsettled.

There was no defect in the information, which charged the offense for which the plaintiff in error was convicted, the only objection being that it was not verified, and that objection being waived, it was legally sufficient to sustain the judgment.

The second reason presented in the brief and argument for a reversal is that the Appellate Court erred in not holding its former decision to be *res judicata.* It appears from the opinion of the Appellate Court that the record of a trial under the same information was considered on a writ of error, and the judgment was reversed on the ground that the evidence was insufficient to justify the verdict that the plaintiff in error was the keeper of the place specified in the information and the cause was remanded for another trial. It is true that where an Appellate Court decides a question of law or fact and the same case is afterward before the court on the same or practically the same proceedings and evidence its former decision is *res judicata.* (*Rising* v. *Carr,* 70 Ill. 596; *Hough* v. *Harvey,* 84 id. 308; *Champaign County* v. *Reed,* 106 id. 389; *Tucker* v. *People,* 122 id. 583; *Smyth* v. *Neff,* 123 id. 310; *Village of*

*Brooklyn* v. *Orthwein,* 140 id. 620; *City of Chicago* v. *Lord,* 279 id. 167.) Courts know their own records, and on appeal or error will take notice of the record in the same case on a former appeal upon suggestion and without any proof identifying the record. (*Newberry* v. *Blatchford,* 106 Ill. 584; *Chicago and Alton Railroad Co.* v. *Kelly,* 182 id. 267; *Jackson* v. *Glos,* 249 id. 388; *Smyth* v. *Neff, supra.*) Whether the former decision was *res judicata* depends upon whether the record is the same or substantially the same, and if the record contains further material and competent evidence the court will apply such rules as are applicable to the new case. (*West* v. *Douglas,* 145 Ill. 164; *Spring Valley Coal Co.* v. *Patting,* 210 id. 342.) In this case the judgment was reversed and the cause remanded for another trial, at which the parties could offer such evidence as they saw fit. For the purpose of ascertaining whether the Appellate Court departed from the rule of *res judicata* the opinion of the Appellate Court will be examined. (*Penn Plate Glass Co.* v. *Rice Co.* 216 Ill. 567.) It appears from such examination that there was further and material evidence on the second trial supporting the verdict and judgment, and the rule that a former decision upon the same record is *res judicata* did not apply but the fact was to be determined from the evidence introduced on the second trial.

What the conclusion of this court might be in a case where the rule is applicable and is disregarded by the Appellate Court or how the record on the first appeal could be made to appear to this court is not now involved or decided, but in any case where the questions decided and determined on a first appeal are binding on an Appellate Court on a second appeal they are not binding on this court. (*Zerulla* v. *Supreme Lodge Order Mutual Protection,* 223 Ill. 518; *Bailey* v. *Robison,* 244 id. 16.) This court might disagree with the conclusion of the Appellate Court in either or both of the appeals, and in the class of cases to which this belongs the finding of facts by the Appellate Court is

not binding upon this court. The only case in which the facts as found by the Appellate Court are binding on this court is where the judgment of the Appellate Court is made final by statute, and under the constitution the decision of the Appellate Court in a criminal case cannot be made final. The constitution authorizes the creation of Appellate Courts with such jurisdiction as may be conferred by the General Assembly, but provides that appeals and writs of error shall lie to this court in certain cases, among which are all criminal cases. The General Assembly has given Appellate Courts jurisdiction of certain criminal cases, but under the constitution it cannot make, and has not attempted to make, the decisions final in any respect.

The foregoing propositions are the only ones presented in the brief and argument, and there is no claim that the facts as found by the Appellate Court on the record before it on the second writ of error were not justified by the evidence. The reasons presented are insufficient to cause a reversal of the judgment, and it must therefore be affirmed.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*