## The People of the State of Illinois, Defendant in Error, v. Thomas Grady, Plaintiff in Error.

1. CRIMINAL LAW, § 584*—*when question of validity of statute is waived.* By prosecuting a writ of error, in a case in which the county court has passed upon his objection to the constitutionality of an act adversely to him, from the Appellate Court instead of the Supreme Court, defendant waives the question of the validity of the act.

2. CRIMINAL LAW, § 577*—*what errors are waived by suing out writ of error.* Even though the objection that a prosecution under an unverified information charging unlawful sales of liquor in anti-saloon territory is a violation of defendant's constitutional rights can be raised by a motion in arrest of judgment, such objection is waived by suing out a writ of error from the Appellate Court.

3. CRIMINAL·LAW, § 366*—*what objections cannot be preserved by motion in arrest of judgment.* The objection that the information charging the unlawful sale of intoxicating liquor in anti-saloon territory was not verified, based on a decision of the Supreme Court holding unconstitutional the act authorizing prosecutions on unverified informations, which decision was filed prior to the filing of the transcript of the record, cannot be preserved by a motion in arrest of judgment.

4. CRIMINAL LAW, § 366*—*what is scope of motions in arrest of judgment.* Motions in arrest of judgment in criminal cases are limited in their scope and will not be sustained for any matter not affecting the real merits of the offense charged in the indictment or information.

5. INDICTMENT AND INFORMATION, § 17*—*necessity of verification.* The verification of an information is but a formal matter, and has little or nothing to do with the question whether defendant is innocent or guilty of the offense charged, and may be waived, and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

its omission does not render the information so defective that a motion in arrest may be based thereon.

6. CRIMINAL LAW, § 457*—*what is necessary in order that additional bill of exceptions may be considered.* Where, on a writ of error in a criminal case, it does not appear in the court record, the bill of exceptions or the abstract that any objection was made to the manner in which the jury were procured, but such objection appears only in an alleged additional bill of exceptions attached to the back of the transcript of the record and not signed or certified to by the court but having attached an affidavit of plaintiff in error's counsel stating in substance that what it contains is true, and no leave was given by the Appellate Court to file an additional bill of exceptions, the objection will not be considered and the additional bill will be ordered stricken from the files.

Error to the County Court of Sangamon county; the Hon. JOHN B. WEAVER, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed April 27, 1920.

JOHN G. FRIEDMEYER, for plaintiff in error.

C. F. MORTIMER, for defendant in error; OSCAR J. PUTTING and EDWARD PREE, of counsel.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

On the 29th day of June, 1917, the State's Attorney of Sangamon county filed an information in the county court of that county charging plaintiff in error with unlawfully selling intoxicating liquor in the Town of Capital while the same was anti-saloon territory. The information contains ten counts and plaintiff in error was found guilty under each count, was sentenced to pay a fine of $25 and to be confined in the county jail for a term of 30 days upon each count, and to pay the costs of the proceeding. A motion for a new trial was made and overruled and a motion in arrest of judgment was also made and overruled. No motion to quash the information was made by plaintiff in error. The judgment was rendered July

21, 1917. The information was not verified and, for this reason, it is now urged in this court that it is insufficient to sustain the judgment of conviction under the authority of the decision in the case of *People v. Clark*, 280 Ill. 160, which declared that section 117 of the County Court Act (J. & A. ¶ 3243) was in violation of section 6 of the Bill of Rights of the Constitution and, therefore, unconstitutional. The opinion in the *Clark* case was rendered October 23, 1917. There is nothing in the record of the case at bar to show that the constitutionality of section 117 of the County Court Act was ever raised or questioned in the county court or that the information was insufficient because it lacked a verification. If that question had been raised in the county court and had been passed upon adversely to the interests of plaintiff in error and this writ of error had been sued out prior to the decision in the *Clark* case, then it should have been prosecuted from the Supreme Court as the Appellate Court has no jurisdiction to pass upon the constitutionality of legislative acts, and, under such circumstances, if a writ of error had been sued out from this court, the question of the validity of the statute would have been waived. *People v. Powers*, 283 Ill. 438; *People v. Reed*, 287 Ill. 606.

If it be claimed that the prosecution of plaintiff in error under the unverified information was a violation of his constitutional right and that such constitutional question can be raised by motion in arrest of judgment, then this question is waived by suing out the writ of error from this court. *People v. Powers*, *supra*. The transcript of record was filed in this case April 16, 1918, after the decision in the *Clark* case was rendered, and if it be contended that, when this writ of error was sued out, the question of the constitutionality of section 117 of the County Court Act had been settled by the decision in the *Clark* case and was no longer involved (*Boylan v. Chicago Title &*

*Trust Co.,* 240 Ill. 413; *Griveau v. South Chicago City Ry. Co.,* 213 Ill. 633), then the objection that the information was not verified cannot be preserved by the motion in arrest of judgment. Motions in arrest of judgment in criminal cases are limited in their scope and will not be sustained for any matter not affecting the real merits of the offense charged in the indictment or information. *Young v. People,* 193 Ill. 236. The verification to an information is but a formal matter, and has little or nothing to do with the question of whether the defendant is guilty or innocent of the offense charged. A similar information was involved in the case of *People v. Powers, supra,* in regard to which it was held: "There was no defect in the information, which charged the offense for which the plaintiff in error was convicted, the only objection being that it was not verified, and that objection being waived, it was legally sufficient to sustain the judgment." No objection is made to the information in the case at bar except that it is not verified. In 16 Corpus Juris 1257, it is stated: "The failure to verify an information does not render it so defective that a motion in arrest may be based thereon."

Much of the brief and argument of plaintiff in error is devoted to errors assigned to the manner in which the jury was procured for the trial of the case. Neither in the court record, the bill of exceptions, nor the abstract does it appear that any objection of any kind was made thereto in the trial court. We find upon examination of the transcript of the record that attached to the back thereof is what purports to be a supplemental or additional bill of exceptions, in which appears supposed objections made by plaintiff in error to the venire. This alleged additional bill of exceptions is not signed or certified to by the court, but has attached to it an affidavit executed by counsel for

plaintiff in error stating in substance that what it contains is true. Whether this document was attached to the record before or after the same was filed in this court, we do not know. No leave was ever given by this court to file an additional bill of exceptions, and this uncertified document and affidavit are hereby stricken from the files.

Plaintiff in error has also assigned as errors the improper restrictions of the cross-examinations of witnesses, that the verdict was the result of passion and prejudice, was contrary to the weight of the evidence and not sufficient to prove the defendant guilty beyond a reasonable doubt. We have considered all of these alleged errors and find the contentions in regard thereto are without merit. The judgment of the county court is therefore affirmed.

*Affirmed.*