(No. 30692.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH BERNOVICH, Plaintiff in Error.

*Opinion filed May 19, 1949—Rehearing denied September 19, 1949.*

JOSEPH BERNOVICH, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, (EDWARD WOLFE, of Springfield, ROY P. HULL, State's Attorney, and C. E. McNEMAR, both of Peoria, of counsel;) IVAN A. ELLIOTT, Attorney General, of Springfield, MICHAEL A. SHORE, State's Attorney, and BAIRD V. HELFRICH, both of Peoria, on rehearing, for the People.

WILBER G. KATZ, of Chicago, *amicus curiae.*

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

Plaintiff in error was indicted for the crime of murder at the March term, 1935, in the circuit court of Peoria County. He thereafter pleaded guilty and was sentenced to serve 150 years in the penitentiary. He has sued out this writ of error to review the record of his conviction. The only error assigned is an alleged failure of the court to advise him of his right to counsel, or to inquire of him whether he was able to employ counsel, or to appoint any counsel to represent him.

At the outset we are met with the contention of the People that the issue is *res judicata* by virtue of our decision on a former writ of error in *People v. Bernovich,* 391 Ill. 141, (*certiorari denied* 326 U.S. 798, 90 L. ed 486, 66 S. Ct. 486,) in which this judgment of conviction was affirmed. In that case a complete review was had of this same record. Several assignments of error were considered, including the failure of the court to appoint counsel to represent defendant. We have recently held that a judgment of conviction which has previously been affirmed on writ of error is not again reviewable on a later writ of

error even though objections are raised which were not argued on the first review. (*People* v. *Thompson,* 392 Ill. 589.) In the case at bar, similar contentions were not only available on the former writ of error but were actually made and considered on that review. Under such circumstances, the question must be regarded as finally adjudicated.

Defendant insists that the former case was merely a review of proceedings to vacate the judgment of conviction under a motion in the nature of a writ of error *coram nobis,* and that as the record in such a suit is not the same as that in the criminal case itself the judgment of this court reviewing the same cannot be binding in this case. There can be no doubt as to the validity of this argument if its premise is correct, namely, that the previous review was confined to the record in the proceedings to vacate the judgment. Such a record does not present the same issues as does the common-law record of the conviction ordinarily presented in a writ of error, and a judgment thereon cannot be conclusive in a subsequent review based upon the common-law record. The fallacy in defendant's contention, however, lies in the fact that the decision in 391 Ill. 141 reviewed not only the ruling on the motion to vacate the judgment but the correctness of the original judgment as well. An examination of the record in that case discloses that the common-law record itself, including the indictment, arraignment, plea of guilty and judgment entered thereon, were presented to this court for review as to errors of law therein; that defendant's contentions included questions solely of law, inappropriate to a *coram nobis* review; that such contentions included a claim that defendant's constitutional rights were violated because the court did not appoint counsel to represent him; and that his contentions were fully considered by this court. The fact that two independent judicial proceedings were in effect consolidated for the purpose of review cannot prevent our decision on

assignments of error directed to the common-law record from precluding a second review thereof.

Examination of the record in the former review made at the time of the hearing on the motion to vacate, before the same trial judge who pronounced sentence, further establishes the defendant had been advised of his right to counsel, not alone by the State's Attorney as claimed by the defendant, but also by the court and before the plea of guilty was persisted in; that the defendant was *sui juris;* and that he knowingly and understandingly waived his right to counsel. Under such circumstances, even in a capital case, no constitutional rights are violated. *People* v. *Carter,* 391 Ill. 594, affirmed in *Carter* v. *Illinois,* 329 U.S. 173, 91 L. ed. 172.

This case is distinguishable from *People* v. *Williams,* 399 Ill. 452, upon which case defendant relies, where only the common-law record was before the court and no advice of his right to counsel was given defendant and no waiver thereof was shown. There were also differences in the common-law records in the *Williams case* and the present case but it will be unnecessary to discuss the effect of any intendments to be given the common-law record here. Suffice it to say the common-law record and the record made and preserved at the time of the hearing on the motion to vacate this judgment were both before us on the previous review of this case and the same are properly before us now. Courts know their own records, and on appeal or error will take notice of the record in the same case. *People* v. *Powers,* 283 Ill. 438.

The defendant has therefore had his day not only in the trial court but in this court as well, and is not entitled to a second review of the record herein.

The writ of error is, accordingly, dismissed.

*Writ of error dismissed.*