Peter Dombroski, Plaintiff-Appellee, v. Julia Dombroski, and Marie Dee, Defendants-Appellants.

Gen. No. 10,564.

Opinion filed February 1, 1952. Released for publication February 19, 1952.

FRED B. BENNETT, of Woodstock, and ELLIS, HAMILTON & GEISTER, of Elgin, for appellants.

THEODORE L. HAMER, and WILLIAM M. CARROLL, JR., both of Woodstock, and RICHARD F. BABCOCK, of Chicago, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

This case was originally appealed to the Supreme Court of the State of Illinois on the theory that there was a freehold involved. The court held that they did not have jurisdiction of the subject matter of this suit, as there was only a question of procedure involved. The case was transferred to this court. The facts are as follows: "On March 21, 1941, appellee, Peter Dombroski, filed a complaint in the circuit court of McHenry County by which he sought to establish his ownership of certain real estate and to secure a deed therefor

from one Marie Dee, who was the owner of record. Numerous persons were named as parties defendant but service of process was obtained only on Julia Dombroski and Marie Dee, the appellants in this court, and the others were dismissed from the action. June 6, 1941, a default order was entered against appellants. This was followed by a default decree entered June 30, 1941, which, based on the allegations of the complaint, directed Marie Dee to convey the premises to appellee within three days and empowered the master in chancery to execute the decree if she failed to do so. Just prior to the order of default, one Lumley, who appeared as attorney for 'certain defendants' was granted ten days in which to file an answer. On June 11, 1941, an answer in appellants' behalf was in fact filed with the clerk of the court, but no mention of it was made in the default decree. Subsequently, on August 2, 1941, the default decree of June 30 was vacated on motion of the appellants.

"The cause remained dormant on the docket for approximately nine years, until June 2, 1950, at which time appellants filed a motion to dismiss the cause for want of prosecution, or, in the alternative, that it be set for hearing on the merits. Within a few days, appellee filed a motion to expunge the vacating order of August 2, 1941, on the ground that such order was entered more than thirty days from the date of the decree and that the court was without jurisdiction to enter it. Appellee's motion also prayed the appointment of a special master to execute the decree of June 30. After a hearing the court entered an order denying appellants' motion but granting that of appellee. The order last mentioned is the order from which this direct appeal has been taken. The errors assigned by the appellants are: (1) that the court erred in denying their motion to dismiss the cause, or, in the alternative, to set the cause for hearing on the merits; (2) that the

court erred in allowing appellee's motion to expunge the vacating order; (3) that it was error to appoint a special master to execute the decree of June 30, 1941, which had been vacated by the order of August 2, 1941; (4) that the court was without jurisdiction to expunge the vacating order.''

The first question presented for our consideration is the default decree entered in this case on June 30, 1941, a final and appealable decree. The facts in regard to this matter are not in dispute. There was a default entered against the defendants, now the appellants, on June 6, 1941, for failing to file their answer in time. On June 11th, the defendants did file an answer and the time the decree was signed on June 30, 1941, the answer of the defendants was on file. It is insisted by the appellants that this judgment was void.

There is no question but that the trial court had jurisdiction of the subject matter of the suit and of the parties to the same. The law relative to a case of this kind is well stated in the case of *People v. Kidd,* 398 Ill. 405. The court in that case uses this language: ''Jurisdiction is authority to hear and determine a cause. It is the power conferred by law to hear and determine controversies concerning certain subjects between parties who are properly before the court, either by voluntary appearance or service of process; and, as applied to any particular controversy, jurisdiction is the power to hear and determine that controversy as between the parties thereto who are before the court. What may be adjudged between the parties is the exercise of jurisdiction, and no error in the exercise of jurisdiction, no matter how gross, can be urged in any collateral proceeding. If a court has jurisdiction its judgment may be directly attacked for errors or irregularities, but however manifestly erroneous the decision may be, it is binding upon all parties and privies until it is reversed or set aside in a direct

proceeding for that purpose. Jurisdiction to hear and decide a cause necessarily includes the right to render an erroneous decision. The judgment of a court which had jurisdiction is immune from collateral attack, even though such judgment is erroneous. This rule was announced by this court many years ago in the case of *Young v. Lorain,* 11 Ill. 624. We there stated that when a court has properly acquired jurisdiction and is authorized to hear and adjudge, and its judgment 'being thus entered by authority of law, no matter how erroneous it may be, or even absurd—though it be made in palpable violation of the law itself, and manifestly against the evidence—is, nevertheless, binding upon all whom the law says shall be bound by it, that is, upon all parties and privies to it, until it is reversed in a regular proceeding for that purpose. While it remains a judgment, it cannot be inquired into, nor its regularity questioned, in any collateral proceeding. In another action the inquiry is not whether the Court acted properly, but had it a right to act at all? Was the judgment rendered in the exercise of an usurped power, or of a conferred authority? If the former, the whole proceeding is utterly void, everywhere. If the latter, it is always obligatory, till reversed.' " It seems clear that this judgment was a final appealable order and must stand, unless the statute gives the appellants the right to file a petition to have it set aside.

██ Under the old Practice Act, Section 17 of the Chancery Act provided: "If the defendant shall appear at the next term and offer to file his answer to the bill, the Court may permit him to do so, upon his showing sufficient cause, and paying the cost of the preceding terms. In such case the decree shall be vacated and the cause may be proceeded in as in other cases." This part of the Chancery Act was repealed by our new Practice Act. Our new Practice Act has also repealed the old law that a judgment does not become

final until the end of the term of court, but now provides that it shall become final at the expiration of thirty days from the date of the rendition of the judgment.

Section 84 of the Judgment Act provides: "Any such judgment, decree or order may hereafter be modified, set aside or vacated after the expiration of such thirty days in the same cases, to the same extent and by the same modes of proceeding as, under the law heretofore in force, it might have been modified, set aside or vacated after the expiration of the term of Court at which it was rendered." Under this last section of the Practice Act the appellants claim that when they filed their motion to set aside the original decree in this case, that they were following the law, as stated in this last quoted section. It will be observed that the defendants were defaulted on June 6th, but the decree was not signed until June 30th. This judgment became final on July 30th. On August 2, 1941, the defendants filed a motion to vacate and set aside the decree and have the answer heretofore filed by them to stand as a defense in the original complaint. This motion was sustained and the judgment set aside. Nothing was done in regard to this order, but it was allowed to stand until June 1950, when the appellants filed a motion to dismiss the suit for failure to prosecute the same.

The appellee has cited numerous cases that hold that a judgment becomes final thirty days after its rendition, but has not cited any case where it has been attempted to set aside a default judgment and the motion filed within the statutory period as in this case. In the case of *Bornman v. Rabb,* 290 Ill. App. 605, 8 N. E. (2d) 374, the same question was presented to the Appellate Court of the First District. It is an abstract opinion, but the syllabus is as follows: "Motion to set aside default judgment made more than thirty days after

entry of judgment is in nature of petition for writ of error *coram nobis,* as provided by common law and statute, since under statute term expires thirty days after entry of judgment and court then loses jurisdiction. Where defendant who had meritorious defense filed answer after return date of summons, which was not brought to knowledge of plaintiffs or court, and court thereafter entered default judgment, setting aside default judgment held not error, since tardy pleading was not a nullity but could be treated as appearance in court's discretion, and whether defendant was guilty of negligence barring such relief was question of fact for trial court.''

In the case of *Alexander v. State Sav. Bank & Trust Co.,* 281 Ill. App. 88, the facts in this case are very similar to the ones in the case before us. The decree there was entered on Oct. 15, 1934, and a petition to vacate the same was filed Nov. 28, 1934. The court there held that although the original decree had become final, that the statute provided for setting aside a judgment that was entered by a default. (*Hoover v. Regner,* 242 Ill. App. 532.)

▅ It is our conclusion that the trial court had statutory authority to set aside the original judgment, as it was filed during the second thirty-day period after the judgment was entered.

▅ The appellee contends that the order vacating the original judgment is void because it was done without any notice being served upon him that they intended to file this motion. This question was not raised by appellee's motion to vacate the order of August 2, 1941. The only question raised in the motion was that ''said motion to vacate was entered more than thirty days after the entry of said decree and that the Court was without jurisdiction to entertain such motion or enter said order.'' If the appellee had intended to rely upon the lack of notice, he should have raised it in the trial court and under the circumstances this

court will not decide whether the lack of notice was fatal. However, we have examined the cases that appellee has cited on this question, and they present a wholly different matter from the claimed lack of notice in this case.

It is our conclusion that the trial court erred in setting aside the order of August 2, 1941, and the case is reversed and remanded.

*Reversed and remanded.*