**In Matter of Petition for Incorporation of Territory into Proposed Village to be Known as Village of Hickory Park, in County of Winnebago, and State of Illinois.**

**Gen. No. 10,928.**

Second District.

May 19, 1956.

Released for publication June 7, 1956.

Stuart B. Nordquist, of Rockford, for petitioners-appellants.

John F. Pelgen, and William H. Barrick, both of Rockford, for Clyde R. Moore, appellee; William H. Barrick, of Rockford, of counsel.

JUSTICE EOVALDI delivered the opinion of the court.

This is a petition presented to the county judge by forty-seven petitioners to seek an election to organize a village from unorganized territory within the County of Winnebago, Illinois. Clyde R. Moore, a duly qualified elector and property owner within the boundaries of the proposed Village of Hickory Park, Illinois, filed a motion to dismiss the petition on the grounds that a previous petition and election had been defeated by a vote of fifty to fifty-four three days before the present petition had been filed in said county court. The motion to dismiss alleged that Section 3—14, Chap. 24, Ill. Rev. Stat., 1953, prohibited the same question concerning territory within the same boundaries being brought up to the electors within a term of one year.

The second petition included a territory which was about two-thirds of the same territory included in the first petition.

The petitioners-appellants filed a motion objecting to the motion to dismiss on the grounds that said Article 3 of the Cities and Villages Act did not provide for objections by dissatisfied electors within the boundaries of a proposed village; that the court as an administrative body should admit the petition as originally filed; and that the objector had an adequate remedy at law.

The court dismissed the motion objecting to motion to dismiss, and granted the motion to dismiss the original petition. This appeal follows.

Petitioners-appellants contend that (1) the county court erred in denying the motion objecting to the motion of any dissatisfied elector; and (2) the county court erred in granting the motion to dismiss on the grounds that an election could not be held within one year of the previous election.

In their brief, the appellants take the position that the acts required by the county judge are purely ministerial and are neither legislative nor judicial (relying on the case of People v. Morrow, 181 Ill. 315, which case involved an Information in the nature of a quo warranto); that the county judge had no discretion in the matter; and that appellee had no right to object.

The petition to organize was based on Ch. 24, Article 3, Sec. 3—5, Ill. Rev. Stat., 1953. Article 3 is entitled, "INCORPORATION OF VILLAGES." Section 3—5 provides for the filing of the petition with the county clerk addressed to the judge of the county court. Section 3—6 provides for the election, and the following sections provide for the steps to be taken in the event a majority of the votes favor the incorporation. Section 3—14 of the same Article provides as follows:

"No election on the same question concerning territory within the same boundaries, shall be had, after one election thereon, until one year has elapsed."

The motion to dismiss alleged that the present petition was filed three days after the previous petition and election had been defeated. Appellants do not question this to be a fact. It is admitted by the respective parties to this cause that this second petition included a territory about two-thirds of the same territory included in the first petition.

██ In the case of Village of Glencoe v. Hurford, 317 Ill. 203, our Supreme Court stated, page 212:

"In construing an act of the legislature it is the duty of the court to attempt to determine the intention of

148

the legislature from the language of the act when all of its provisions are taken together and considered with reference to the purpose for which the legislation was enacted."

Article 3, Section 3—14, plainly provides that no election shall be held until one year has elapsed. The language of the statute is clear and unambiguous. Where the language used in a statute is plain and certain, it must be given effect by the courts. Smith v. Board of Education of Oswego Community High School Dist., 405 Ill. 143, at page 148; Kinney v. County Board of School Trustees of La Salle County, Illinois, 7 Ill.App.2d 286, at page 294.

▮ It is not contradicted that all of the territory in both petitions for incorporation of territory into the proposed village is located in Winnebago County. The present petition is entitled, "STATE OF ILLINOIS, WINNEBAGO COUNTY—SS. IN THE COUNTY COURT THEREOF. . . . TO THE HONORABLE JUDGE OF THE COUNTY COURT OF THE COUNTY OF WINNEBAGO AND STATE OF ILLINOIS:". Courts know their own records. People v. Bernovich, 403 Ill. 480, at page 483; People v. Powers, 283 Ill. 438; Newberry v. Blatchford, 106 Ill. 584; Chicago & A. R. Co. v. Kelly, 182 Ill. 267; Jackson v. Glos, 249 Ill. 388; Smyth v. Neff, 123 Ill. 310.

The lower court, being in possession of facts showing that petitioners were not entitled, as a matter of law, to the relief prayed for in their petition for incorporation, acted within its rights in refusing to proceed under said petition, and in dismissing same.

Affirmed.

DOVE, P. J. and CROW, J., concur.