Samuel C. Lurie, Plaintiff-Appellant, v. Peter Dombroski, Defendant, and Julia Dombroski, Defendant-Appellee.

Gen. No. 11,031.

Second District.

April 1, 1957.

Released for publication April 18, 1957.

Ruskin & Rosenbaum, of Chicago, for appellant.

Ellis, Hamilton & Geister, of Elgin, for appellee.

JUSTICE EOVALDI delivered the opinion of the court.

This cause arises in part out of certain transactions referred to in the case of Dombroski v. Dombroski, passed on by this court and reported in 345 Ill. App. 460; and the case of Lurie v. Dombroski, 7 Ill.App.2d 543, wherein the appeal was dismissed for want of a final appealable order.

The complaint filed herèin on July 8, 1954 against Peter Dombroski and Julia Dombroski alleges:

That on July 8, 1932, a judgment was recovered in the Municipal Court of Chicago by the Receiver of Lincoln Trust & Savings Bank against Peter Dombroski for $15,897.63, and costs, and execution was issued thereon, and was personally served on Peter Dombroski, and returned unsatisfied; that on December 20, 1945 said judgment was assigned to plaintiff; that on January 3, 1952 said assignment was filed with the clerk of the Municipal Court; that thereafter plaintiff brought suit on said judgment in the McHenry County Circuit Court against Peter Dombroski, and on March 19, 1954, a judgment was rendered thereon against Peter Dombroski for $20,928.12 and costs of suit; that an execution was issued on said last mentioned judgment and returned July 1, 1954 unsatisfied.

That Julia Dombroski was at all times therein mentioned, and now is the wife of Peter Dombroski, and Marie Dee is the daughter of said Peter and Julia Dombroski.

Plaintiff states on information and belief that on and prior to September 30, 1936 one Henry Francis Vallely was an attorney at law, admitted to practice in Illinois and was an agent and attorney of Peter Dombroski and

153

as such agent and attorney had in his possession and under his control large sums of money, the property of Peter Dombroski; and that on or about said date the said Henry Francis Vallely, with the funds and money of said Peter Dombroski, purchased certain real estate described in the complaint, in McHenry County, from Theodore Hamer, as trustee, and took title thereto in his own name, without the notice, knowledge or consent of Peter Dombroski; and that by reason thereof a trust in said real estate resulted in favor of Peter Dombroski.

That in July, 1937 the said Henry Francis Vallely caused the title to said real estate to be conveyed to Julia Dombroski. That on July 15, 1940, Julia Dombroski conveyed said real estate to Marie Dee and that on May 1, 1946 Marie Dee reconveyed said real estate to Julia Dombroski; that no consideration was paid for any of said conveyances, but the same were taken by said grantees with knowledge of the rights and interest of Peter Dombroski, and that said real estate was so taken and held in trust for Peter Dombroski by said Henry Francis Vallely; that said conveyances were so taken and title held with intent to hinder, delay and defraud the creditors of Peter Dombroski; that Julia Dombroski now is, and has been, residing on said premises and may claim a homestead therein.

The prayer for relief was that said real estate be declared to be the property of Peter Dombroski, and that the same be sold by an order of court and the proceeds applied to the payment of the judgment of plaintiff, subject to the right of redemption; that the court order such conveyances by the defendants or any one or more of them as may be required to vest the title of record in the said Peter Dombroski and in the purchaser at such sale, and in the event of their failure to convey, the master in chancery make such conveyances; and for general relief.

The appellee, Julia Dombroski, filed a motion to dismiss the complaint, supported by her affidavit as to

154

the truth of the statements contained therein. The matters principally relied on in said motion were that the action of the plaintiff, appellant, was barred by the Statute of Limitations and by laches. On February 21, 1955 an order was entered by the circuit court sustaining the motion of appellee and dismissing the complaint as to appellee.

Later plaintiff, appellant, filed a motion supported by affidavit of Joseph Rosenbaum, his attorney, on March 18, 1955, asking the court to vacate and expunge the order entered on February 21, 1955, to grant a rehearing on the complaint and the motion of Julia Dombroski to strike said complaint, and on such rehearing to grant the plaintiff leave to file instanter his first amendment to his complaint, and for a rule on the defendants to plead to the complaint as so amended. The affidavit filed in support of said motion sets forth that the proposed first amendment to the complaint was presented with said motion. The affidavit of counsel states, and the proposed first amendment showed, that a suit of Peter Dombroski to declare a trust for him in the real estate described in the complaint, and to have said lands conveyed to him, was instituted in March, 1941, within five years of the conveyance of said lands to Henry Francis Vallely, and of the original conveyance to the defendant Julia Dombroski, and is still pending, so that the equitable interest of Peter Dombroski is a subsisting one and not barred by either the Statute of Limitations or laches. Said affidavit also states that the affiant called the clerk of the McHenry County Circuit Court and was informed by the clerk that the case wherein Peter Dombroski is plaintiff and Henry Francis Vallely, Julia Dombroski and others are defendants, was still pending; "that the averments in said amendment relating to the contents of the complaint of the plaintiff Peter Dombroski in said suit, the issuance of summons, appearances and answer of said Julia Dombroski are as set forth in an abstract

155

of record prepared and filed February 10, 1951 by her attorneys in the Appellate Court of Illinois, Second District, in the appeal therein docketed as No. 31894."

The above mentioned case was transferred from the Supreme Court to this court, and the decision of this court therein is reported in 345 Ill. App. 460.

The proposed first amendment to the complaint copied the allegations of the complaint in the primary suit, and attempted to appropriate the claim of Peter Dombroski on behalf of plaintiff, appellant, in this cause, and compel the appellee to litigate those questions in this cause while the primary suit involving the same identical questions is pending and undetermined. On a rehearing of said motion filed by appellee to dismiss the complaint, and on the hearing of the motion of plaintiff above mentioned for leave to file the first amendment to the complaint, the order was entered March 18, 1955, from which the former appeal was taken. The memorandum of the trial court in determining the issues on the motion to strike the complaint appears in the abstract and the views of the trial court on the rehearing of said motion were the same as expressed in the original memorandum.

After the mandate of this court dismissing the former appeal was filed in the trial court, an order was entered on August 23, 1956, dismissing the complaint and suit against both defendants for want of equity, from which later decree plaintiff has taken this appeal.

The record in this case consists entirely of the pleadings and orders of court, and there was no evidence taken at the hearing.

The plaintiff's theory is that Peter Dombroski was the beneficiary of a resulting trust in the real estate in question; that a suit by him to establish a resulting trust is an action for the recovery of lands and, 20 years not having elapsed, would not be barred by section 1 of the Statute of Limitations; that his equitable

156

estate was subject to the payment of the judgment against him; that this suit is an equitable levy; that plaintiff, as the assignee of the judgment, has the same rights as his assignor (who was a judgment creditor with execution returned nulla bona at the time of the acquisition of the real estate in question) notwithstanding that the assignment may have been made after the acquisition of the real estate and its subsequent conveyances; and that the various grantees having taken without consideration and with notice of Peter's rights acquired the real estate subject to the trust interest of the judgment debtor; and the amendment proposed would have shown that Peter Dombroski had a suit pending which had been instituted within five years of the acquisition of the real estate, so that his equitable estate was an existing estate not barred even under the five year statute, and should have been allowed.

The defendant contends among other things that the five year Statute of Limitations barred the plaintiff's suit, as to the real estate and as to her; that plaintiff was guilty of laches; and that the pendency of a former action for the same relief asked for in this second suit, is ground for the abatement of the second suit.

This proceeding is not an action for the recovery of lands, and section 1 of the Statute of Limitations does not apply. This is not a suit by Dombroski to recover lands, nor does the plaintiff seek to make such a recovery. No question of the ownership of lands is involved. Plaintiff's action is only to subject an alleged beneficial interest in certain lands to the lien of a judgment.

■ ■ This is a proceeding by a creditor of Peter Dombroski in which it is sought to establish a constructive trust under which Dombroski would be a beneficiary. The deed to the property in question by which a resulting trust is alleged to have arisen was dated September 30, 1936 and the property was conveyed to

157

the appellee Julia Dombroski in July, 1937, and these were matters of record of which appellant had notice as shown by the public records of McHenry County, Illinois. Since the complaint shows upon its face that no express trust was ever granted there would seem to be no question but that the Statute of Limitations has run. An action to establish a resulting or a constructive trust is subject to the five year Statute of Limitations. Lancaster v. Springer, 239 Ill. 472, 481; Schreiner v. City of Chicago, 406 Ill. 75; Dean v. Kellogg, 394 Ill. 495.

In the case of Lancaster v. Springer, supra, a suit was filed by the heirs of Lancaster to establish a resulting or constructive trust in real estate conveyed by Lancaster to Springer, while the latter was acting as the agent of Lancaster in the management of his business affairs. This relation existed over a long period and continued until the death of Lancaster. A demurrer was sustained to the amended bill, and the same was dismissed for want of equity. The Supreme Court in its opinion, on page 479 said:

"So far as the real estate is concerned, there is no theory on which the bill can be sustained. Lancaster conveyed the premises to Springer by deeds absolute in terms, without condition or reservation. Under such circumstances there can be no resulting or constructive trust in favor of the grantor. (Mayfield v. Forsyth, 164 Ill. 32; Biggins v. Biggins, 133 id. 211; Stevenson v. Crapnell, 114 id. 19.) If there was any agreement to hold in trust it was an express trust, and was invalid because not manifested by writing. (Monson v. Hutchin, 194 Ill. 431; Benson v. Dempster, 183 id. 297.) If the deed had been voidable by Lancaster because of the relations between himself and the grantee, his acquiescence in the transaction and in the grantee's possession and use of the property for twenty-four years was sufficient to bar him from maintaining a bill

158

to avoid the deed on that ground. (Herr v. Payson, 157 Ill. 244; Benson v. Dempster, supra; Brown v. Brown, 154 Ill. 35.) There is no express trust, there is no implied or constructive trust. The only right, if any, which Lancaster ever could have had, was a right to have the deed set aside on account of the relation existing between himself and Springer. The bill contains no allegation of actual fraud in procuring the conveyances. So far as its allegations go, the first deed was a gift and the second a sale for $53,707.50. To a bill seeking relief against conveyances made under such circumstances, laches of the complainant presents a complete defense."

Again on page 481, the court said:

"If any liability was incurred by Springer to Lancaster on account of the transaction concerning the three long-term leases, it was for misconduct as his agent or fraud in procuring the execution of the leases and mortgages. All the claims accrued out of Lancaster's business transacted by Springer as his agent, and they were therefore subject to the operation of the Statute of Limitations. To exempt a trust from the operation of the statute it must be a direct trust, belonging exclusively to the jurisdiction of a court of equity. Constructive trusts, arising from partnerships, agencies and the like, are subject to the statute. Albretch v. Wolf, 58 Ill. 186; Quayle v. Guild, 91 id. 378; Hayward v. Gunn, 82 id. 385.

"Lancaster's death terminated the agency, and unless suit was begun within five years after that time the bar of the statute presented a complete defense. The failure of the complainants to learn of the existence of their cause of action does not prevent the operation of the Statute of Limitations. (Conner v. Goodman, 104 Ill. 365; Parmelee v. Price, 208 id. 544.)"

The Supreme Court re-affirmed the principles announced in the Lancaster-Springer case, in the case of

Schreiner v. City of Chicago, supra. In the opinion, on page 90 the court said: "This transaction occurred in 1929, and the suit was commenced in 1946, after seventeen years had elapsed. It is only express trusts that are exempt from the Statute of Limitations or laches. (Lancaster v. Springer, 239 Ill. 472.) There is no express trust in this case. . . ." At page 91, the court said: "In the present case, under the allegations of the alternative cause of action, the most that could be charged against the city was that it became a constructive trustee, and constructive trusts are subject to limitation or laches after the lapse of five years without action." To the same effect is Dean v. Kellogg, supra.

■ Appellant then contends that his suit is properly a Creditor's Bill in Equity. The complaint does not appear to be a Creditor's Bill, for no fraud is alleged on the part of Peter Dombroski. Be that as it may, the right of a creditor to enforce his judgment by a Creditor's Bill is also barred by the five year Statute of Limitations. In the case of Parmelee v. Price, 208 Ill. 544, a Creditors' Bill was filed by judgment creditors of a corporation to enforce the liability of stockholders for the unpaid portion of their subscriptions to the capital stock of the corporation. The court held, page 559-560:

"We hold that a right of action accrues to a creditor against a stockholder whose stock, as between the shareholder and the corporation, has been paid for by property taken at a fraudulent over-valuation, whenever the corporation ceases doing business, leaving debts unpaid, and that the creditor may proceed immediately to enforce this right of action in equity, under section 25, supra, without first reducing his claim against the corporation to judgment at law.

"The liability of the stockholder resides in the fact that he has subscribed for and taken stock, for which

160

the law requires he should pay, in money or property, the full amount of his subscription. His liability to the creditor is not a liability upon his contract of subscription and is not dependent upon any call being made upon him by the corporation, as in case where the corporation seeks to collect the same, but is a liability resulting from the statute, consequent upon the fact that he is a shareholder, and the action of the creditor against him is a 'civil action not otherwise provided for,' within the meaning of section 15 of chapter 83 of Hurd's Revised Statutes of 1901, and is therefore governed by the five year Statute of Limitations.

"It is suggested, however, that the creditor has the right to elect whether he will proceed under section 25, supra, or section 49, supra; that if he proceeds under the latter he cannot bring a suit against the stockholder until he has had an execution returned 'no property found,' and that the statute therefore would not begin to run against him until the execution was so returned, so far as his remedy under the latter section is concerned. This would place the power in the hands of the creditor to extend the Statute of Limitations far beyond any period of time contemplated by the legislature. If his debt against the corporation was evidenced by writing, he has ten years in which to bring his suit at law against the debtor, and after the recovery of a judgment he may take out an execution at any time within seven years, and if he may institute a proceeding against the stockholder at any time within five years thereafter, it makes a period of twenty-two years after the maturity of the debt against the corporation within which the creditor may proceed against the stockholder. It is manifest that such a holding would be against that public policy which has led to the enactment of statutes of limitation. That act 'was intended as a statute of repose, to prevent fraud and to afford security against stale demands which might be

161

made after the true state of the transaction may have been forgotten or be incapable of explanation by reason of the death or removal of witnesses,' and this purpose should be kept in view in construing that statute."

■ ■ The remaining contention of appellant requiring consideration is that the lower court erred in not permitting him to amend his complaint to show that another action was pending wherein Peter Dombroski had instituted proceedings in the same court against appellee, Julia Dombroski, seeking to establish his ownership of certain real estate. By his proposed amendment appellant seeks to litigate the claim of Peter Dombroski to a resulting trust in the lands involved in this suit. He is attempting to adopt and appropriate the claim of Peter Dombroski as set forth in Peter's suit which he states is pending and undetermined in the same court, as a basis for his right to recover in this suit. Courts know their own records. People v. Bernovich, 403 Ill. 480, 483; People v. Powers, 283 Ill. 438; Newberry v. Blatchford, 106 Ill. 584; C. & A. R. R. Co., v. Kelly, 182 Ill. 267; Jackson v. Glos, 249 Ill. 388; Smyth v. Neff, 123 Ill. 310; In Re Petition of Village of Hickory Park, 10 Ill.App.2d 146. There is no showing in appellant's motion, affidavit, or in the proposed amendment, that he had secured any permission or authority from Peter Dombroski to take over or litigate his claim in this suit. There are no motions seeking, or orders of court permitting, appellant's intervention in the 1941 suit. In the absence of appropriate motions, petitions and orders, the lower court properly refused to allow the proposed amendment in this proceeding.

We conclude that the circuit court was correct in the order entered in this cause.

Order and decree affirmed.

DOVE, P. J. and CROW, J., concur.