JOSEPH MABLEY

v.

CHARLES D. IRWIN ET AL.

</div>

1.   EVIDENCE.—Where the declaration was upon the common counts, and contained special counts alleging the employment of defendants as commission men by plaintiff, the placing money in their hands, etc., and plaintiff's counsel began his case by inquiring of the plaintiff, as a witness, if he had at any time placed money in the hands of defendants, and whether that money had been accounted for by them.   *Held*, that it was error for the court, upon general objection by defendants, to exclude such and other preliminary inquiries of a similar character.   The effect of the ruling was to prevent plaintiff from developing his case.

2.   AGENCY—HOW PROVED.—Evidence of agency may be either direct or indirect.   Agency may be directly proved by express words of appointment, whether orally uttered or contained in some writing.

3.   SAME.—It may be indirectly proved by evidence of the relative situation of the parties, or of their habit and course of dealing and intercourse, or it may be implied or inferred from circumstances or from subsequent ratification.   The court is of opinion that the evidence as to circumstances tending to prove the alleged agency, to which the court sustained an objection, was competent, and should have been allowed to go to the jury for what it was worth.

APPEAL from the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.   Opinion filed April 8, 1885.

Mr. SIDNEY THOMAS, for appellant; as to proof of agency, cited 2 Greenleaf on Ev., § 60; Story on Agency, § 45; 2 Kent's Com. 612, 613; Paley on Agency, 2.

Mabley v. Irwin.

Messrs. Grant & Brady, for appellee.

McAllister, J.  This was an action by appellant, plaintiff below, against appellees, defendants below, who were sued as copartners.  The declaration is upon the common counts, and contains special counts alleging the employment of defendants, as commission men, by plaintiff, the placing money in their hands under such employment, and alleged losses sustained by plaintiff by reason of disobedience by defendants, of the instructions of plaintiff.

There was a trial before the court and a jury, resulting in a verdict and judgment for defendants, from which the plaintiff took an appeal to this court.

The bill of exceptions purports to contain all the evidence, and we think it is proper to remark that the case shows a great want of system on the part of the plaintiff on the trial.  For, instead of beginning by showing where the defendants did their principal business, what that business was, and showing that plaintiff employed them as commission men and that such employment was for them to act for him in buying and selling grain or other articles in the Chicago market, when that employment was, the nature of it, and what was done under it, the plaintiff's counsel began his case by inquiring of the plaintiff as a witness, if he at any time had placed money in the hands of the defendants, and whether that money had been accounted for by them.  Upon a general objection by defendants, the court excluded the inquiry, and plaintiff's counsel excepted.

There being issues in the case upon the common money counts in the declaration, we are unable to perceive why it was not competent to inquire of the plaintiff, as a preliminary question, whether he had ever placed money in the hands of the defendants.  Of course. if answered in the affirmative, the inquiry would then be extended to the circumstances.

There were several other preliminary questions of similar character to which the court sustained a general objection.  It is quite impossible for counsel to try contested issues, without getting a starting point somewhere.  The effect of

Mabley v. Irwin.

the ruling was to prevent plaintiff from developing his case.

The plaintiff testified that the transactions he had with the defendants were conducted through one J. Blackman, who had an office at Jackson, Michigan, where plaintiff resided; and it was proposed to show, by facts and circumstances, that Blackman was, as regards those transactions, the agent of the defendants.

Evidence of agency may be either direct or indirect. Agency may be directly proved, by express words of appointment, whether orally uttered or contained in some writing. It may be indirectly proved by evidence of the relative situation of the parties, or of their habit and course of dealing, intercourse, or it may be implied or inferred from circumstances, or from subsequent ratification: 2 Greenleaf on Ev., § 60; Story on Ag., § 45.

As a circumstance to be taken in connection with others tending to prove that Blackman was defendants' agent, the plaintiff testified to the latter having a business office at Jackson, and that over the door of the office was the name of the defendants; and although the plaintiff's counsel stated that he proposed to follow that up with other evidence of circumstances tending to show such agency, yet the court, on defendant's motion, struck out all that plaintiff had testified to about the sign.

Plaintiff's counsel then offered for the purpose of proving such agency, letters, statements, and oral declarations of defendants, having a tendency to prove such agency. But on objection by defendants, the court excluded the evidence so offered.

We think it was competent, and should have been allowed to go to the jury for what it was worth.

The judgment below will be reversed and the cause remanded for a new trial.

<div style="text-align: right">Judgment reversed.</div>