## Leroy Marsh et al. v. James M. French.

1. VERDICTS—*When Not Against the Weight of the Evidence.*—
When upon the question at issue, the evidence is so directly conflicting
that a court of review can hardly determine that a verdict for either
litigant is manifestly against the weight of the evidence, the Appellate
Court can not say that it is not sufficiently sustained by the evidence,
and has merely to pass upon questions relating to procedure.

2. AGENTS—*Declaration of—When    Admissible.*—Where there is
direct and positive testimony as to the fact of an agency, it is proper
to admit evidence of the transaction of the alleged agent in relation to
the subject-matter at issue, and if in the course of such transactions,
conversations occurred in which statements were made by the agent
affirming his agency, such statements are admissible, but the court

Marsh v. French.

should, at the request of the adverse party, limit the effect of such evidence by instructing the jury that the statements are not to be considered as evidence of the fact of the agency.

3. SAME—*Power to Bind his Principal by Indorsement.*—If an agency is established and an express authority shown to draw upon the principal for amounts needed to carry on the business, it carries along with it an authority to procure an indorser of the drafts drawn by the agent for the purpose of the agency.

4. SAME—*Former Transactions Competent to Show Authority.*—It is competent to show former transactions between a principal and his agent in the scope of the employment as tending to show the agent's authority.

5. DEPOSITIONS—*Practice, When Returned Too Late, etc.*—Where a party is likely to be prejudiced from the late return of a deposition, the proper practice is to interpose a motion for continuance over the term, or for delay until preparation for trial can be made.

6. BOOKS OF ACCOUNT—*Not Admissible Because Produced on Notice.*—The fact that books of account are produced upon notice by the adverse party and not inspected or used in evidence by him does not render them admissible, if otherwise incompetent, on the part of the party producing them.

Assumpsit, to recover an account paid by reason of having indorsed a draft at the request, etc. Appeal from the Circuit Court of Cook County; the Hon. C. A. BISHOP, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1898. Affirmed. Opinion filed March 30, 1899.

**Statement of the Case.**—This suit was brought by appellee French against appellants, Marsh & Kenyon, copartners, to recover an amount which appellee had been compelled to pay by reason of having indorsed a draft at the request of one Unger, who, it was alleged by appellee, was an agent of appellants, and acted for them in this behalf. The contested issue of fact was as to the agency of Unger and his authority to bind appellants as his principals in the transactions with appellee.

In June, 1896, Unger passed through Chicago on his way to Kansas, where he was going for the purpose of buying horses. It was contended by appellee that while in Chicago appellants engaged Unger to purchase horses for them, and authorized him to draw upon them for that purpose. Appellants contended that they merely agreed to act as commission brokers for Unger in disposing of horses which he might

buy, and agreed to honor his drafts up to the amount of $500 only.

It is undisputed that Unger, in the course of his transactions in buying horses, did draw on appellants, first for $300 and then for $800, each of which drafts was honored by appellants. The $800 draft was indorsed by appellee. Later another $800 draft was drawn, indorsed by appellee, dishonored by appellants, and it is this second $800 draft which is the subject-matter of the suit here.

There was evidence supporting the contention of each of the litigants.

Unger, the alleged agent, testified positively and directly to the agency, and to facts which, if true, would establish his authority to thus bind appellants as his principals. Appellants testified as positively to the contrary thereof. There were circumstances tending strongly to support the evidence of Unger, and there were also some circumstances which tended to support the evidence of appellants. Before appellee indorsed the second $800 draft, he took the precaution to learn that the first $800 draft indorsed by him had been honored by appellants.

The jury found the issues for appellee. From judgment upon such verdict this appeal is prosecuted.

PADEN & GRIDLEY, attorneys for appellants, contended that the declarations of an alleged agent to third parties as to his agency can not bind the alleged principal. 1 Am. & Eng. Enc. 1032; Brigham et al. v. Peters et al., 1 Gray, 139; Bradner on Evidence (2d Ed.), 496; Sax & Bro. v. Davis, 81 Ia. 692; Pepper v. Cairns, 133 Pa. St. 121; Mechem on Agency, Sec. 100.

An agent who is authorized to draw drafts is not authorized to procure an indorser to bind principal or to negotiate the paper. Daniel on Negotiable Inst., Sec. 290; Ibid., Sec. 294; Gould v. Norfolk Lead Co., 9 Cush. (Mass.) 338.

AMERICUS B. MELVILLE and W. G. HATCH, attorneys for appellee.

Before the declaration of one claimed to be an agent can

Marsh v. French.

be admitted there must be proof of the agency, either by direct proof of the fact or by proof of such facts or course of dealings as will justify the inference that an agency exists.     Porter et al. v. Robertson, 34 Ill. App. 74.

The principal is, as to third persons not having any notice of a litigation, bound by the ostensible authority of the agent, and can not avail himself of secret limitations upon the authority and repudiate the agency where innocent persons have in good faith acted upon the ostensible authority conferred by the principal.     Pa. R. R. Co. v. Atha, 22 Fed. Rep. 924.

An agent may be deemed to possess all of the authority which may be required or become necessary to promote or secure the results intended to be attained in the business to be agreed on by him and by virtue of his employment. Bickford v. Menier, 36 Hun, 447.

The implied authority of an agent can only be accurately determined when it may not have been expressly limited by considering the employment in which he may have been engaged, and that is ordinarily the only means of obtaining the limits of his authority in this class of cases.     In other words, his authority is limited only by the apparent extent of his agency.     The nature and extent of the authority of the servant or agent are wholly deduced from the nature and extent of his usual employment; hence it is that the master is bound by the acts of the servants within the scope of the usual business confided to him; for the master is presumed to authorize and approve the known acts that are incident to such an employment, and that every such authority carries with it or includes in it as an incident all the powers which are necessary or proper or usual, as means to effectuate the purpose for which it was created.     In this respect there is no distinction, whether the authority given to an agent is general or special, or whether it is expressed or implied.     In each case it embraces the appropriate means to accomplish the desired end.     Story on Agency (4th Ed.), Secs. 56 and 97; Banks et al. v. Everest et al., 35 Kan. 687.

While the rule is that the agent must act within the scope of his authority, yet when the agent's acts affect the innocent third parties, the principal will be bound to the extent of the apparent authority conferred by him upon his agent. Webster v. Way (Neb.), 25 N. W. 207; Thompson on Trials, Sec. 1375.

MR. JUSTICE SEARS delivered the opinion of the court.

The issue of fact submitted to the jury was as to the alleged agency of Unger and his consequent authority to bind appellants. Upon that issue the evidence was so considerable and so directly conflicting that a court of review could hardly determine that a verdict for either litigant would be manifestly against the weight of the evidence. We are not prepared to say that the verdict as rendered is not sufficiently sustained by the evidence. We have, then, merely to pass upon questions relating to procedure. It is urged first, that the court erred in admitting, over the objection of appellants, evidence of conversations between Unger, the alleged agent, and appellee. It is contended that statements of Unger in such conversations, by which his agency was declared, could not be admitted to bind the alleged principals, appellants, who were not present. Nevertheless, we are of opinion that the trial court did not err in admitting the evidence of conversations and transactions between Unger and appellee. There being the direct and positive testimony of Unger as to the fact of the agency, it was proper to admit evidence of the transactions of the alleged agent in relation to the subject-matter in question, and if in the course of such transactions conversations occurred in which statements were made by Unger affirming his agency, the court could limit the effect of the evidence in this behalf by instructing the jury that such statements were not to be considered as evidence of the fact of agency. Doubtless the court would have given such an instruction had it been so requested. The agency could be proved by the testimony of the alleged agent. Thayer v. Meeker, 86 Ill. 470.

And after such proof was made, it was proper to admit

evidence of the transactions and statements of the alleged agent in his dealings with appellee.    The Ind. & St. L. R. R. Co. v. Miller, 71 Ill. 463.

If the declaration of Unger as to his agency had stood alone, not part of transactions which were material, then evidence of such declaration should have been excluded.

Secondly, it is urged that if the agency was established and an express authority shown to draw upon the principals for amounts needed to carry out the business of the agency, viz., the buying of horses, yet this would not carry with it an authority or power to procure an indorser of the drafts so drawn, and hence that the appellants are not obligated to appellee.    As applied to the facts here, we can not assent to the contention.    Nor do the authorities cited sustain it.    The text and cases cited bear only upon the power of the agent to bind the principal by indorsing drafts in his name when the express authority is to draw only.    Here the agent did as he was authorized, drew upon appellants, and we can not see that it is material whether he named as payee the party from whom he purchased the horses, the bank from which he received funds with which to pay for the horses, or appellee, who was keeper of a feed stable, was aiding in caring for the horses purchased, and who, being made payee in the draft, indorsed it to the bank which advanced the funds for the purchase of the horses.

If the evidence as to the fact of the agency and the authority to draw upon appellants is to be credited, then we are of opinion that Unger had power to bind the appellants to appellee upon the draft in question.    Mechem on Agency, Sec. 311, *et seq.;* Commercial Bank v. Norton, 1 Hill, 501; Bickford v. Menier, 36 Hun, 446; Doan v. Duncan, 17 Ill. 272; Noble v. Nugent, 89 Ill. 522; Crain v. Natl. Bank, 114 Ill. 516.

The third contention is that it was error to admit evidence to show what prices the horses sold for in Chicago, and what prices appellants and others who bid in certain of them afterward realized on them through later sales.

The contested issue of fact involved the question as to

whether these horses were the property of appellants, bought for them by appellee, as their agent, or whether they were the property of appellee and merely sold by appellants as commission brokers. As circumstances bearing upon this issue and competent to be submitted to the jury, we are of opinion that it was proper to admit evidence to show that appellants in their own names, or upon joint account with others, bid in at the sale certain horses at a certain price, and afterward resold them at a comparatively much larger sum. In one instance a horse was thus bid in at $107.50 and resold at $1,000. It was not pretended that the sale at $1,000 was for the benefit of Unger.

Fourth. It is urged that the drawing of the two former drafts, one of which was indorsed by appellee, as was the draft in question, was not a fact material or competent to go to the jury. The evidence disclosed that appellee learned that the draft previously indorsed by him had been honored by appellants before he indorsed this draft. We are of opinion that it was competent to thus show the previous transactions of these parties and that appellants had honored the former drafts. Mabley v. Irwin, 16 Ill. App. 362; U. S. Y. Co. v. Mallory, 157 Ill. 554.

Fifth. The objection to the last interrogatory in the deposition of Unger is not tenable. If anything improper had resulted in the answer, it could have been reached by specific objection to the answer.

The contention under the sixth heading has been already considered.

Seventh. It is objected that the deposition of one Bratton was not taken at the time named in the stipulation. The certificate of the notary public as to the taking of the deposition is not set forth in the abstract. We are therefore unable to determine what adjournments were had. The deposition was taken upon written interrogatories. Nor is the fact that the deposition was only returned to the court on February 23d, the day when the cause was set for trial, any sufficient ground for suppressing it. If any prejudice to appellants was likely to result from the late return

of the deposition, the proper practice was to interpose a motion for continuance over the term, or for delay until preparation for trial could be made.   This was done in this cause, and appellants were given until March 1st to prepare for trial, until which time the trial was postponed.

Under the eighth and ninth heads complaint is made of rulings of the court in giving and refusing instructions. Without going into a needless discussion of these rulings upon the instructions, it is enough to say that we find no error which we deem reversible, or which seems likely to have prejudiced appellants.

Tenth.   Books of account were produced by appellants, upon notice by appellee, and were not inspected nor used in evidence by appellee.   It was claimed by counsel for appellants that the notice to produce made them admissible. Had appellee, after having given notice to produce, inspected the books, a different question would be presented.   But appellee did not inspect them, and we are not prepared to hold that the effect of the mere notice to produce, without inspection, operates to render admissible documentary evidence, otherwise incompetent.

Inasmuch as the evidence is sufficient to sustain the verdict, and as we find no reversible error in the record, the judgment is affirmed.