(No. 34936.—

Amy Lybeck Anderson, Appellant, *vs.* Gladys C. Lybeck *et al.,* Appellees.

*Opinion filed November 26, 1958.*

SHULTZ, FAHY & STREET, and FOLTZ, HAYE & KEEGAN, both of Rockford, for appellant.

OAKLEY & ELLIS, of Belvidere, and WELSH & WELSH, of Rockford, for appellee Gladys C. Lybeck.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Plaintiff, Amy Lybeck Anderson, brought her action in the circuit court of Winnebago County seeking to impress a constructive trust upon certain residential real estate in Rockford, the title to which was in the name of Gladys Lybeck, widow of plaintiff's brother. Plaintiff contended that her brother, Nestor Lybeck, in his lifetime held title to the real estate, as trustee. Gladys Lybeck obtained title as surviving joint tenant upon Nestor's death. A hearing was held, whereupon the chancellor dismissed plaintiff's complaint, holding her suit barred by the five-year Statute of Limitations. A freehold being involved, plaintiff appeals directly to this court.

Charles Lybeck died September 17, 1946, and the property was not inventoried in his intestate estate. It was discovered that the title to the real estate was then in Nestor C. R. Lybeck, a son of Charles Lybeck, and that in 1947 Nestor placed the title in joint tenancy with his wife, Gladys. In July, 1953, Nestor C. R. Lybeck died.

On May 25, 1954, plaintiff, a daughter of Charles Lybeck, filed her complaint praying that Gladys C. Lybeck be ordered to reconvey the property to plaintiff and the other heirs of Charles Lybeck, or that she be declared to hold title in trust for such purpose and for such persons. The other surviving heirs of Charles Lybeck were joined as defendants.

Gladys C. Lybeck filed her answer admitting the marriage and deaths of Charles C. Lybeck and his wife, the death of Nestor C. R. Lybeck, that plaintiff had demanded conveyance of her interest, and that the plaintiff and the other defendants were the sole heirs of Charles Lybeck. She denied all of the other allegations of the complaint and raised the following affirmative defenses: (1) that plaintiff's claim was barred by the Statute of Limitations (Ill. Rev. Stat. 1957, chap. 83, par 16,), (2) that plaintiff's claim is barred by *laches,* and (3) that plaintiff seeks to impress a trust upon real estate by parole evidence, contrary to the Statute of Frauds of the State of Illinois.

The real estate here involved is a two-family residence in the city of Rockford purchased in 1910 by Charles Lybeck. In 1912 he conveyed the property to David Nelson, who together with his wife reconveyed it to Charles Lybeck in about two months. In 1915 the property was conveyed to his son, Alvin Lybeck, who immediately reconveyed it to his father.

Edith Rosell, a daughter of Charles, testified that she lived with her father in the property after the death of her mother, except for a two-year period when they lived in a new home built by her father. The new house was lost during the depression and they returned to this property. In 1934 her father told her he wanted to protect this property from any liens, so he conveyed the title to her. She reconveyed to him in 1935, and in 1936 he conveyed it again to her as he had been advised it wasn't safe to keep the property in his name. In 1942 her husband was about to sign up for the draft, so her father said he would fix up the title and had her and her husband convey to Nestor Lybeck, and that Nestor paid nothing to her or her father. She related that her father collected the rents and paid the taxes during all of his lifetime, including the time the title was in the name of other persons. In 1947 she said Nestor told her, in a conversation relating to the property, that her

interest would be taken care of and that she would get her share. She said she and her husband received their rent for taking care of her father.

Bernhard Rosell confirmed his wife, Edith, in her statement of the conveyance to Nestor, and that Charles Lybeck continued to collect the rentals and pay for repairs and improvements until his death.

Defendant Gladys Lybeck testified as an adverse witness that before 1947, during the lifetime of Charles Lybeck, her husband, Nestor, informed her that Charles had deeded the property to him, and that to her knowledge her husband paid no consideration to Charles or to Edith Rosell. She stated that Charles Lybeck lived in the residence until his death, that Nestor did not collect the rents until after the death of Charles, and that to her knowledge her husband paid no taxes on the property prior to the death of Charles. After Charles' death, Nestor collected the rents and made repairs to the property. She said that she and her husband mortgaged other property to pay for improvements on this property, and that rentals from the property were more than sufficient to pay the loan. She has collected the rentals since her husband's death.

Plaintiff testified she did not know that title to the property was in Nestor's name until after her father's death which occurred in 1946. In 1950 she had a conversation with Nestor about the property at his place of employment. She said Nestor then told her not to worry about her share of the property, as she would have it in a few years.

No evidence was offered by Gladys Lybeck in defense to the complaint. The court then found that the five-year Statute of Limitations applied to the action, and dismissed the cause.

The plaintiff contends on this appeal, and Gladys Lybeck denies, that a constructive trust was impressed upon the property with Nestor Lybeck as trustee and the heirs of Charles Lybeck as beneficiaries, and that neither *laches* nor

232

the Statute of Limitations bars this cause under the facts of this case.

A constructive trust is one raised by operation of law as distinguished from a trust created by express agreement between the settlor and the trustee. It is imposed by a court of equity to prevent a person from holding for his own benefit an advantage which he has gained by reason of a fiduciary relationship or by fraud. Such a trust arises only when that fraud is proved or when advantage is taken of a fiduciary relationship by the dominant party. (*Compton* v. *Compton,* 414 Ill. 149.) A fiduciary or confidential relationship, as used in this connotation is a very broad one, and exists in all cases where one reposes trust and confidence in another who thus gains a resulting influence and superiority which has been abused. The origin of the confidence and the source of influence are immaterial. It exists when one person trusts in and relies on another. The relationship may be moral, social, domestic or merely personal. (*Stahl* v. *Stahl,* 214 Ill. 131; *Stephenson* v. *Kulichek,* 410 Ill. 139.) The proof of such relationship must be so clear and convincing, and so strong, unequivocal and unmistakable as to lead to but one conclusion. *Compton* v. *Compton,* 414 Ill. 149; *Maley* v. *Burns,* 6 Ill.2d 11.

It is undisputed that Charles Lybeck first acquired the property in question for good consideration, and that at all times up to his death he considered it as his property. Whether the record title was in David Nelson, Alvin Lybeck, Edith Rosell, Nestor Lybeck, or in himself, Charles Lybeck collected the rents, paid the taxes and provided the repairs and improvements to this property. He first conveyed it to Edith Rosell in 1934 to protect it from any lien that might arise from a loan he had taken to build a new house. She later reconveyed to him, and in 1936 he reconveyed it to her to protect the property from the lien of a judgment against him. Thereafter when Edith's husband was to sign up for the draft, she inquired of her father

about the title being in her name. Charles replied that he would fix it, and so directed them to convey the title to Nestor. Upon delivery of the deed, Nestor handed it to his father. No consideration passed from Nestor to Charles or the Rosells for this conveyance. All of which indicates that the conveyance was not outright, but in furtherance of the father's design and based upon his confidence in his son.

It is evident that Charles Lybeck consistently pursued a policy of reposing trust and confidence in his children to hold the title to his property for him and to protect his interest therein, while he continued to enjoy the property to its full extent. Charles Lybeck trusted in and relied on his son, Nestor, who thereby gained a control over his father's property which he abused by initiating a conveyance in joint tenancy to himself and Gladys Lybeck, his wife. A confidential relationship was established and violated, and a constructive trust thus created in favor of the heirs of Charles Lybeck.

This conclusion is bolstered substantially by the testimony of Edith Rosell, Bernhard Rosell, and the plaintiff, relating certain admissions and conversations of Nestor Lybeck in acknowledgment of the trust. Defendant Gladys Lybeck insists these admissions and conversations, after the creation of the joint tenancy and not in her presence, are barred by sections 2 and 4 of the Evidence Act (Ill. Rev. Stat., 1957, chap. 51, pars. 2 and 4,) and the court erred in receiving such testimony. It is not, however, barred by section 2 of the Evidence Act, as Gladys Lybeck does not defend as the executor, administrator, heir, legatee or devisee of any deceased person. She defends only as the owner of record title perfected by virtue of her survivorship as a joint tenant.

Section 4 of the act provides in part: "In any action, suit or proceeding by or against any surviving partner or partners, joint contractor or joint contractors, no adverse party or person adversely interested in the event thereof,

shall, by virtue of Section 1 of this act, be rendered a competent witness to testify to any admission or conversation by any deceased partner or joint contractor, unless some one or more of the surviving partners or joint contractors were also present at the time of such admission or conversation; * * * ." Defendant Gladys Lybeck contends that a joint tenancy arises by virtue of contract, hence she and her husband, as joint tenants, were also joint contractors, giving rise to the application of this section of the Evidence Act to prevent the admission of the questioned testimony.

Joint tenancies in real estate are permitted in Illinois by virtue of statutory enactment. (Ill. Rev. Stat. 1957, chap. 76, par. 1.) An estate in joint tenancy can only be created in real estate by grant or purchase and cannot arise by descent.

By virtue of the joint tenancy, the joint tenants are not bound to preserve the joint tenancy itself. While an act of the parties may create the joint tenancy, the joint tenants are not rendered joint contractors within the purview of section 4 and such section is not applicable to prevent the admission of this testimony.

Thus, it is shown that Nestor acknowledged that he received the title and held it during the life of his father, for his father, and thereafter for the heirs. He gave such assurance and acknowledgment to the heirs of Charles Lybeck, even though he had actually abrogated the trust by creation of the joint tenancy.

The trial court held that the five-year Statute of Limitations and *laches* applied in this case to bar plaintiff's action. It is generally true that constructive trusts are subject to the operation of the Statute of Limitations, (*Lurie* v. *Dombroski,* 13 Ill. App. 2d 152; *Schreiner* v. *City of Chicago,* 406 Ill. 75) and no repudiation of such trust is necessary to set the statute in operation. (34 Am. Jur. 143, Limitation of Actions, sec. 179.) The trust upon which plaintiff

relies arose upon the death of Charles Lybeck in 1946, for the benefit of his heirs. However, we find assurances by Nestor Lybeck to Edith Rosell in 1947, and again in 1950 to the plaintiff, that he acknowledged the trust, and that they, as heirs of Charles Lybeck, should have their share. Where the beneficiaries of an implied or constructive trust are assured of the acknowledgment and continuance of the trust, the Statute of Limitations will not apply. (*Ohnstein* v. *Levy*, 3 Ill.2d 366; 34 Am. Jur. 143, Limitation of Actions, sec. 179), and where that assurance amounts to a misrepresentation or fraud, the bar of the statute or *laches* will not apply until after the discovery of the fraud. The failure to diligently discover the fraud is excused where there is a relation of trust and confidence, and the duty is imposed on the party committing the fraud to disclose the truth to the other. (*Auer* v. *Wm. Meyer Co.*, 322 Ill. App. 244; *Farwell* v. *Great Western Telegraph Co.*, 161 Ill. 522.) *Laches* or the bar of the Statute of Limitations commences from the time of the discovery of such fraud, in such cases of implied trusts. *Reynolds* v. *Sumner*, 126 Ill. 58.

No lack of diligence is shown on the part of plaintiff or the other heirs, as Nestor regarded Charles as the owner until his death, and thereafter misled the heirs by his assurances of good faith. The record does not show that five years have elapsed since the discovery of his repudiation of the trust, which would start the running of the Statute of Limitations. There is no showing made of the date of recordation of the joint tenancy deed to Gladys and Nestor Lybeck. No circumstances are shown as would require a court of equity to apply the doctrine of *laches*. The defendant who claims *laches* must assume the burden of proving it, (*Auer* v. *Wm. Meyer Co.*, 322 Ill. App. 244,) and Gladys Lybeck has failed in this regard. This cause was thus brought in apt time.

The trial court erred in dismissing this cause. Consequently the order of the circuit court of Winnebago County

is reversed and the cause is remanded to that court for the entry of a decree in accord with the views expressed in this opinion.

*Reversed and remanded, with directions.*