Henry Neurauter, et al., Plaintiffs-Appellants, v. John Reiner, John J. Reiner, a Minor, Edward A. Reiner, a Minor, Joseph Reiner, a Minor, Richard Reiner, a Minor, Anne Reiner, a Minor, Mary Reiner, a Minor, Adelaide Reiner, a Minor, and Barbara Reiner, a Minor, Defendants-Appellees.

Gen. No. 52,480.

First District, Fourth Division.

November 26, 1969.

Ira D. Schultz and John J. Hogan, of Chicago, for appellants.

Robert V. Nystrom and Emanuel Morris, of Chicago, for appellees.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Plaintiffs appeal from two orders, one of which dismissed their cause of action as contained in the amended complaint, and the other which allowed a fee of $1,800 to the guardian ad litem.

A summary of the allegations of the amended complaint follows. Joseph N. Neurauter, deceased, and the father of plaintiffs, was engaged in the business of distributing beer. In 1907, he and his wife, Anna Neurauter, also deceased, acquired an apartment building at 2952 West Nelson Street, Chicago, from funds earned in the business. In 1936, the property at 2959 West Nelson Street was also acquired.

The business was designated in 1933 as "Joseph N. Neurauter Beer Distributors." Joseph N. Neurauter died a month later and the business was carried on under the name of "Edward J. Neurauter, d/b/a Neurauter Brothers." The business was duly licensed by the State under this name until August, 1951. At that time, the name of the business was changed to "Henry Leo Neurauter, d/b/a Neurauter Brothers," and functioned as such until 1966. Other commercial activities were carried on in the name of "Herbert J. Neurauter" from May, 1954 to April, 1964.

From 1933 or 1934 to her death in December, 1963, Adelaide Reiner, daughter of Joseph N. and Anna Neurauter and sister of plaintiffs, had maintained the books and records and prepared all financial statements, reports, tax returns, and other required documents for the business. During that same period, plaintiffs devoted their time and effort to the family business under an oral agreement of partnership with their mother, Anna Neurauter, and their sister, Adelaide Reiner, one of the terms of which was that the partnership assets were to be shared equally by them, as the children of Anna Neurauter, after Anna's death. Anna's sole source of funds and income arose from the family partnership.

Net proceeds from the partnership were invested by Anna Neurauter and Adelaide Reiner for various purposes, including the retirement of mortgages on the above-described real estate, the making of loans, and the acquisition of securities. Partnership funds were also deposited in checking and savings accounts under the names of Anna Neurauter and Adelaide Reiner. After 1933, Anna Neurauter had lived in the same apartment with Adelaide Reiner and her husband or in an apartment immediately adjacent. The Reiners exercised undue influence and control over Anna's affairs, and Adelaide Reiner concealed documents and "concealed, se-

creted and hid all of the books, records and accounts of the family partnership."

Anna Neurauter acknowledged, on numerous occasions, that all of the real estate, securities, and other property held in her name, or in the name of Adelaide or John Reiner, were, in fact, assets of the partnership, and that "they were being held in individual names for purposes of convenience of management and administration." Prior to her death in July, 1960, all of the partnership assets under her control had been placed in joint tenancy with Adelaide Reiner, or in the latter's name alone. After Anna's death, Adelaide Reiner transferred these assets into joint tenancy with her husband, defendant John Reiner. Anna Neurauter's estate was opened and her will filed for probate on February 27, 1964, approximately sixty days after Adelaide Reiner's death. (The original complaint in this cause was filed December 20, 1965).

Surviving Adelaide Reiner were her husband, John Reiner, who claims an interest in certain personal property held in his name individually or as a surviving joint tenant, and her minor children, all of whom claim an interest in her estate and are the defendants in this case.

The amended complaint concluded with a prayer that the court enter an order finding that John Reiner holds all of the properties referred to as assets of a constructive trust for the benefit of all members of the partnership, and that the defendants be enjoined from transferring or conveying their interest in the subject real estate.

An answer to the amended complaint was filed by the guardian ad litem which did not contradict or contest the plaintiffs' allegations of fact; rather, it prayed that the rights and interests of the minor defendants "be fully protected by such appropriate orders as to the Court shall seem meet and proper." Defendant John

Reiner was granted leave to file interrogatories prior to filing his answer, which interrogatories were answered by plaintiffs. Reiner then filed an answer to the amended complaint. Subsequently, the guardian ad litem filed a motion to dismiss the amended complaint, which was sustained by the trial court, and this appeal followed.

 The initial question presented is whether plaintiffs pleaded sufficient allegations to invoke relief under their theory of constructive trust. Pleadings must be informative of the issues and the cause of action relied upon so as to enable the court to apply the law and the adverse party to meet the issues at trial. Johnson v. North American Life & Casualty Co., 100 Ill App2d 212, 219, 241 NE2d 332; Hyland v. Waite, 349 Ill App 213, 110 NE2d 457. We find that there are sufficient facts alleged in the instant complaint to meet these requirements, bearing in mind that at this stage the court considers the factual allegations to determine not the probability but only the possibility of recovery. Palier v. New City Iron Works, 81 Ill App2d 1, 221 NE2d 67.

Defendants also, and primarily, claim that the instant action is barred by the statute of limitations which provides that "actions on unwritten contracts, expressed or implied . . . or to recover the possession of personal property . . . and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." Ill Rev Stats (1965), c 83, § 16. They contend that plaintiffs' claim is premised on recovery from the estate of Anna Neurauter, who died on July 27, 1960, and that, since this action was not instituted until December 20, 1965, the statute had run and the action is barred. Defendants also contend that plaintiffs are barred because they did not contest the will of Anna Neurauter within nine months following the admission of her will to probate. Ill Rev Stats (1965), c 3, § 90. The complaint, however, does not pray

for recovery against Anna Neurauter's estate, nor is it based upon the setting aside of her will. Rather, it expressly seeks to impose a constructive trust on assets held by defendants by virtue of an oral agreement between plaintiffs and Adelaide Reiner and Anna Neurauter.

 "A constructive trust is one raised by operation of law as distinguished from one created by the express words of some written instrument. It is imposed upon a person by a court of equity upon the ground of public policy so as to prevent him from holding for his own benefit an advantage which he has gained by reason of a fiduciary relation subsisting between him and others and for whose benefit it is his duty to act." Compton v. Compton, 414 Ill 149, 156, 111 NE2d 109. An essential element of a constructive trust in the context of this case, is an allegation that a "dominant party" has taken advantage of a fiduciary relationship by obtaining legal title to property in violation of a duty owing to another who is equitably entitled thereto. Compton, supra, at page 157. The requisite fiduciary relationship exists where one reposes trust and confidence in the dominant party who thereby gains an influence and superiority. "The origin of the confidence and the source of influence are immaterial. It exists when one person trusts in and relies on another." Anderson v. Lybeck, 15 Ill2d 227, 232, 154 NE2d 259; Stahl v. Stahl, 214 Ill 131, 73 NE 319; Stephenson v. Kulichek, 410 Ill 139, 101 NE2d 542.

In the instant case, plaintiffs have pleaded facts which are sufficient to require the imposition of a constructive trust. Specifically, plaintiffs have asserted that Adelaide Reiner had a confidential relationship with Anna Neurauter in both business and domestic life. Anna Neurauter's alleged oral agreement to share the assets of the family business in a partnership equally with plaintiffs was jeopardized by the alleged undue influence

147

asserted by the Reiners. Transfers of assets to Adelaide Reiner are allegations which indicate an abuse of her dominant position.

Defendants alternatively contend that even if the facts pleaded would be sufficient to establish the imposition of a constructive trust, the action should, nevertheless, be barred by the statute of limitations or laches. The trial court ruled that the action was not barred by laches, but was barred by the statute of limitations. Ill Rev Stats (1965), c 83, § 16.

██ While it is generally true that constructive trusts are subject to the operation of the statute of limitations (Anderson v. Lybeck, supra; Lurie v. Dombroski, 13 Ill App2d 152, 141 NE2d 331; Schreiner v. City of Chicago, 406 Ill 75, 92 NE2d 133), and no repudiation of such trust is necessary to set the statute in operation (Anderson v. Lybeck, supra), this result does not always obtain, and there are situations in which the statute has been held inapplicable.

██ In the instant case, plaintiffs contend that their allegation of having received assurances from Anna Neurauter that the partnership assets which were being held in her name, or in the name of Adelaide Reiner or John Reiner, were, in fact, assets of the partnership, was, under the circumstances, a sufficient acknowledgment of trust to render the statute inapplicable. The rule relied upon was stated in Anderson v. Lybeck, supra, at page 235:

> Where the beneficiaries of an implied or constructive trust are assured of the acknowledgment and continuance of the trust, the Statute of Limitations will not apply. (Citations omitted), and where that assurance amounts to a misrepresentation or fraud, the bar of the statute . . . will not apply until after the discovery of the fraud. The failure to diligently

discover the fraud is excused where there is a relation of trust and confidence, and the duty is imposed on the party committing the fraud to disclose the truth to the other. (Citations omitted.)

In addition to the assurances made by Anna Neurauter to them, plaintiffs also allege that a fraudulent scheme was perpetrated to effect the transfer of real estate to Adelaide Reiner, whereby Adelaide concealed appropriate documents and hid books, records, and accounts of the family partnership. Defendants urge that public notice of these transactions was given in 1959 when the real estate deeds were recorded in Adelaide Reiner's name, or in her name jointly with Anna Neurauter, and that this would have made plaintiffs aware that the property was being appropriated in favor of defendants.

█ There is no showing by defendants, however, that Adelaide Reiner disclosed to plaintiffs anything to indicate a change in the beneficial ownership as a result of these transfers. Since the pleadings allege that Anna Neurauter had assured plaintiffs that property in her name, or in the name of Adelaide or John Reiner, was partnership property, this, in conjunction with Adelaide's alleged improprieties, would be sufficient to prevent the statute of limitations from running, pending discovery of the repudiation of the trust. Since there is nothing in the record to show that plaintiffs first became aware of the repudiation more than five years prior to commencement of suit, we conclude that the trial court erred in applying the statute of limitations to dismiss plaintiffs' amended complaint. Ill Rev Stats (1965), c 110, § 48(1) (e), (3).

Defendants, by the guardian ad litem, argue that plaintiffs' proper action in this matter would be to proceed against the estate of Adelaide Reiner, since all interests of the minor defendants herein are derived by

virtue of their being heirs-at-law of Adelaide Reiner. We reject this contention for the same reason expressed above in disposing of the parallel argument that the proper action should have been to contest the will of Anna Neurauter. We conclude that it is allowable in a court of equity to impose a constructive trust when the necessary elements embodied in such trust are proven. It may be difficult to establish by proof the facts necessary to support plaintiffs' trust theory, but sufficient facts have been pleaded to require proceedings to determine the merits of the case.

 Plaintiffs assert that the part of the trial court's order which directed them to pay the guardian ad litem's fees was in error, contending that the amount is excessive. The court had requested and received a report of the guardian ad litem showing in detail the time spent on this matter. The awarding of fees is within the sound discretion of the trial judge and in the "absence of evidence tending to show an abuse of that discretion we cannot say the allowance was unreasonable." Alford v. Bennett, 279 Ill 375, 117 NE 89. We cannot find such a patent abuse as to declare the allowance unreasonable, the report of proceedings at the hearing on the fee not having been incorporated in the record. The order allowing the fee of the guardian ad litem is therefore affirmed.

The order of dismissal is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Affirmed in part, reversed and remanded in part.

DRUCKER, P. J. and STAMOS, J., concur.