*In re* ESTATE OF CATHERINE MORYS, Deceased—(JOSEPH O'BRIEN *et al.*, Petitioners-Appellants, *v.* BERNICE DOPAK, Respondent-Appellee.)

(No. 56788;

First District (2nd Division)—December 28, 1973.

*Rehearing denied February 19, 1974.*

Richard G. Kahn and Paul R. Shanoff, both of Chicago, for appellants.

J. H. Silver, of Oak Park, and Belkind & Polikoff, of Chicago (Alan M. Polikoff, of counsel), for appellee.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This was a citation proceeding brought by Josephine O'Brien and Genevieve Bujak, administratrixes of the Estate of Catherine Morys, deceased, to recover the beneficial interest in an Illinois land trust which Catherine Morys assigned to Bernice Dopak, the respondent in the citation.[1] After hearing the evidence and arguments of counsel, the trial court entered an order dismissing the citation and discharging Bernice Dopak. In this appeal, the issue presented is whether assignment to Bernice Dopak by Catherine Morys of her beneficial interest in a land trust was an *inter vivos* gift. The facts are undisputed.

## I.

In March, 1970, in the City of Chicago, Catherine Morys owned a multi-story building which was her home and where she rented apartments. The property was her only real estate; and its title had been, for some ten years, in an Illinois land trust held by the Pioneer Trust and Savings Bank as trustee under its trust No. 12459. Although Bernice

---

[1] The citation was sought pursuant to Section 183 of the Probate Act, Ill. Rev. Stat. 1969, ch. 3, par. 183:

"Upon the filing of a verified petition therefor, the court shall order a citation to issue for the appearance before it of any person whom the petitioner believes (1) to have concealed, converted, or embezzled or to have in his possession or control any personal property, books of account, papers, or evidences of debt or title to lands which belonged to a person whose estate is being administered in that court or which belongs to his estate or to his executor, administrator, guardian, or conservator * * *."

Dopak called Mrs. Morys her "aunt," the two women were not close; and prior to March, 1970, Miss Dopak had never lived with Catherine Morys.

At about 4:00 A.M. on the morning of March 21, 1970, Catherine Morys called Bernice Dopak and asked her to come and care for her because she was sick. Miss Dopak went to Mrs. Morys' home; but a few days later, Catherine Morys had to be hospitalized. In preparing to leave for the hospital, she told Miss Dopak that she wanted her to "get some papers" from the Pioneer Trust and Savings Bank. This was not done; but on the day Catherine Morys went to the hospital, she gave Bernice Dopak all the keys to her building, instructed her tenants to pay rent to Miss Dopak, showed her how to operate the boiler and told her that "* * * the building will be all [yours]."

Sometime before leaving her home, Catherine Morys gave Bernice Dopak some passbooks, saying, "Bernice, the top book is yours." The book in question was Savings Certificate No. 7108 issued by the Avondale Savings and Loan Association. It evidenced a $20,000 "Totten" trust in which Catherine Morys had named Bernice Dopak the beneficiary. Miss Dopak took the passbooks; Mrs. Morys went to the hospital, remained a few days and returned home. She was hospitalized a second time a few days later; and after returning home, she entered Franklin Boulevard Hospital either on April 1 or 2, where she remained until her death on May 15, 1970.

On April 9, 1970, Catherine Morys, from her hospital room asked Bernice Dopak to go to the Pioneer Trust and Savings Bank, get certain prepared documents and personally bring them to her because "I want you to be the beneficiary." Miss Dopak went to the bank; and at her request, a secretary prepared an assignment to her of Catherine Morys' beneficial interest in Trust No. 12459. She returned to the hospital with the assignment; and in her presence, with Anna Morys (a relative) witnessing, and Frank DeMarco, the hospital administrator notarizing, Catherine Morys executed the assignment. Bernice Dopak accepted the assignment, and the document was later returned to the bank where it was approved as being in proper form.

Eleven days later, Catherine Morys signed a power of attorney which, for a period of two years, authorized Bernice Dopak to endorse Mrs. Morys' checks, pay the expenses of her illness and pay her real estate taxes, because Mrs. Morys said that "* * * I am unable to take care of the affairs concerning rent collected on my real estate * * *." After the power was signed, Miss Dopak opened a bank checking account for Catherine Morys in which were deposited rents she collected from Mrs. Morys' building for the months of March, April and May, 1970. On April 22, 1970, for Catherine Morys, Bernice Dopak purchased a cashier's

check; and, on behalf of Mrs. Morys, paid the first installment of the 1969 real estate taxes on the property which had been transferred by assignment of the beneficial interest on April 9, 1970. From the time Catherine Morys was hospitalized after March 21, 1970, and until she died on May 15, Bernice Dopak took over her real estate, collected her rents and deposited them to her credit, paid her bills and, in general, managed Mrs. Morys' personal affairs.

## II.

■■ A person who undertakes to manage some affair for another, on the authority and for the account of the latter, who is called the principal, is an agent. (*Andrew v. Votaw,* 240 Ill.App. 311, 320; *Dean v. Ketter,* 328 Ill.App. 206, 65 N.E.2d 572.) Thus, when a person puts his property in the hands of another to keep or manage, he creates, as between him and that other, the relation known as principal and agent. (See *Weer v. Gand,* 88 Ill. 490; *Mabley v. Irwin,* 16 Ill.App. 362.) Therefore, when Bernice Dopak accepted Catherine Morys' keys, agreed to collect rents for her and take care of her building, she became Mrs. Morys' agent. (Compare *Johnson v. Fischer,* 108 Ill.App.2d 433, 247 N.E.2d 805.) She was a fiduciary, one who occupied a fiduciary relation with respect to matters which Catherine Morys had confided in her. *Latimer v. Perry,* 410 Ill. 119, 128, 101 N.E.2d 531; I.L.P. Agency, § 4; 3 Am.Jur.2d Agency, § 199.

■■ It is a settled rule of law that if a person is a fiduciary, and during that relation, as a result of it, he becomes a donee or the beneficiary of an instrument, the burden rests on him to show that the transaction which produced the gift or instrument was fair, that it was equitable and that the gift or instrument did not proceed from an undue influence. (*Stephenson v. Kulichek,* 410 Ill. 139, 145, 146, 101 N.E.2d 542; *Oster v. Oster,* 414 Ill. 470, 111 N.E.2d 319.) Generally, mere possession of that which at one time belonged to a deceased is insufficient to prove a valid *inter vivos* gift. See *Pocius v. Fleck,* 13 Ill.2d 420, 427, 150 N.E.2d 106.

■■ In the case before us, the only evidence of what Catherine Morys said and did concerning the assignment which it is now claimed was an *inter vivos* gift, is the testimony of Bernice Dopak, the respondent in the citation. This evidence, however, must be judged by the rule that in a citation proceeding "*   *   * the sole testimony of a donee as to what was done or said to him by a deceased donor is of questionable credibility and should be carefully scrutinized, as direct disproof of such declarations and conduct of the deceased donor is rarely possible." (*In re Estate of Skinner,* 111 Ill.App.2d 267, 250 N.E.2d 295.) Stated a little differently, courts look with suspicion on claims made to a de-

cedent's property after his death. *In re Estate of Nelson,* 132 Ill.App.2d 544, 270 N.E.2d 65.

We notice that although Bernice Dopak claimed that Catherine Morys, out of love and affection, assigned to her the beneficial interest in the land trust, the document that manifested the assignment stated it was "[f]or value received" that Mrs. Morys sold, assigned and transferred her beneficial interest in the land trust. And despite the assignment, Bernice Dopak continued to treat the real estate as belonging to Catherine Morys by collecting the rents and depositing them in Mrs. Morys' bank account. Then she took a power of attorney to pay taxes on the same real estate for Catherine Morys.

■■ In our judgment, the conduct of both parties, after April 9, 1970, and until the death of Catherine Morys on May 15, 1970, was totally inconsistent with the existence of a present donative intent in Catherine Morys. The conduct, attributed to Mrs. Morys by Bernice Dopak, could be consistent only with the existence, at most, of a testamentary donative intent. Under these circumstances, we conclude that assignment of the beneficial interest by Catherine Morys to Bernice Dopak was not an *inter vivos* gift. In fact, Bernice Dopak's testimony, carefully studied, shows that at her death Catherine Morys was the true owner of beneficial interest in the Illinois land trust held by the Pioneer Trust and Savings Bank as trustee under its trust No. 12459.

■■ This being the case, had Catherine Morys recovered from her illness and returned home, she could have compelled Bernice Dopak to reassign the beneficial interest in the trust. (See *Nolen v. Hall,* 130 Ill. App.2d 867, 266 N.E.2d 141; compare *Tarpoff v. Karandjeff,* 17 Ill.2d 462, 162 N.E.2d 1; *Neurauter v. Reiner,* 117 Ill.App.2d 141, 254 N.E.2d 66). Therefore, petitioners Josephine O'Brien and Genevieve Bujak, administratrixes of the Estate of Catherine Morys, deceased, were entitled to an order, implemented and enforced as provided by law, which would recover for the estate the beneficial interest in the land trust that Catherine Morys assigned to Bernice Dopak. *In re Estate of La Rue,* 53 Ill.App.2d 467, 203 N.E.2d 47.

For these reasons, it was error for the trial court to dismiss the citation and discharge the respondent. The order is reversed and the cause is remanded with directions that the trial court reinstate the citation and for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded with directions.

STAMOS, P. J., and HAYES, J., concur.