NICHOLETTA MITCHELL, Ex'r of the Estate of George P. Mitchell, a/k/a George Mitchell, a/k/a George Paraskevas Michalopoulos, a/k/a George Michalopoulos, Deceased, Plaintiff-Appellant, *v.* ELAINE SIMMS, Conservator of the Estate of John Mitchell, a/k/a John Michalopoulos, Incompetent, *et al.*, Defendants-Appellees.

First District (5th Division) No. 78-1294

Opinion filed November 30, 1979.

Ira D. Schultz, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith and George W. Spellmire, Jr., of counsel), for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiff appeals the trial court order granting defendants' motion for summary judgment and defendants' motion to strike an affidavit filed with plaintiff's response to the summary judgment motion in an action seeking a declaration of a trust on property allegedly jointly owned by plaintiff's decedent and his brother. Plaintiff contends that (1) the trial court erred in granting the summary judgment because there was a genuine issue of material fact on whether laches barred the suit; and (2) the trial court erred in granting the motion to strike the affidavit because the affidavit conformed with Supreme Court Rule 191(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 191(a)). We reverse and remand.

On April 20, 1977, plaintiff, executor of the estate of George Mitchell who died on September 20, 1975, filed a complaint against defendant Elaine Simms, conservator of the estate of John Mitchell who was declared incompetent on November 4, 1976, and defendants Irving-Austin Building Corporation and Patio Theatre Co. seeking a declaration of a trust for the benefit and use of the estate of George Mitchell on certain property then in the estate of John Mitchell. Plaintiff alleged that George's estate was entitled to the property as a result of his involvement in various joint business enterprises with his brothers, William and John. She states that the brothers began engaging in the business enterprises prior to 1930 and that each of the brothers was an equal joint venturer.

Sometime thereafter, they each paid some consideration to purchase property known as the Irving-Austin Building, and they placed title to the property in John's name for convenience sake. In 1931, they determined that it would be convenient in the operation of the Irving-Austin Building to create a corporation and, thus, they created the Irving-Austin Corporation. Later, they also incorporated the Patio Theatre Co., which was located within the property designated as the Irving-Austin Building. Under the terms of both incorporations, each of the brothers would receive a one-third interest or one-third of the capital stock issued or to be issued by the respective corporation. During the life of the corporations, John "was the dominant and controlling factor" and was in control of the books, records, and accounts.

On June 13, 1947, William's estate brought suit against John and George alleging that William was owner of a one-third interest in the two corporations. Ultimately, John and George purchased William's interests thus making both John and George one-half owners in the afore-mentioned joint ventures. Because the minute books of the corporation were in a confused and disorderly state, the interests of the parties were not accurately reflected in the records. Thus, plaintiff's complaint sought the declaration of the trust on one-half "of the stock interests of the Irving-Austin Building Corporation and the Patio Theatre Co., its assets, income and real estate and any other property of any other kind acquired by the joint ventures of the parties."

Defendants' answer denied the existence of the joint ventures and stated that John was the principal stockholder, the President, and a member of the Board of Directors of both corporations. Their amendment to the answer stated an affirmative defense of laches to plaintiff's complaint. They claimed that laches applied because plaintiff's delay in bringing suit 46 years after the alleged transactions supporting the cause of action occurred prejudiced them in that several named individuals who might have knowledge of the transactions were dead or incompetent.

On March 7, 1978, defendants filed a motion for summary judgment and affidavit on their affirmative defense of laches. The motion again listed the names of several individuals who might have knowledge of the transactions and stated that they were all dead or incompetent. The affidavit of defendant Elaine Simms stated that she knew the individuals named in the motion and again named in the affidavit and knew that they were now dead or incompetent.

Plaintiff's response to the motion and her attached affidavit claimed that laches did not apply since the cause of action did not arise until the constructive trust had been repudiated after George's death on September 20, 1975. Additionally it stated that the persons named in

defendants' answer, motion, and affidavit were not the only parties who had knowledge of the facts material to the cause of action but that there were other individuals who had knowledge of the material facts. The motion contained the names of these other individuals and briefly explained the knowledge which these individuals had. Plaintiff's affidavit stated that these individuals were alive and had knowledge of the material facts.

On April 20, 1978, defendants filed a motion to strike plaintiff's affidavit, apparently claiming that George's responses to William's complaint in 1947 indicates a repudiation of the joint venture, if in fact any existed. Paragraph 5 of the complaint stated "that the three brothers to wit: John Mitchell, George Mitchell, and William Michalopoulos, also known as William Mitchell, deceased, were the owners of the land building, and appurtenances thereunto belonging, commonly known as Irving-Austin Building * * *." Defendants claimed that George's verified answer to paragraph 5 stated "[t]hat he [George Mitchell] denies that the three brothers were the owners of the land, building or appurtenances thereunto, described in paragraph 5 of the complaint, and states that the defendant, Irving-Austin Building Corporation was and is the owner thereof * * *." They also claimed that in answer to another paragraph of William's complaint, George responded "that he * * * denies that each one of the said brothers was to have an equal share or 1/3 interest therein * * *." Additionally, defendants stated that the statement in the affidavit filed in this case was a conclusion and inadmissible hearsay and did not contain facts admissible in evidence.

On May 8, the trial court granted defendants' summary judgment motion "against Plaintiff on her Complaint against Defendants to impress a resulting trust," on the ground that there was no genuine issue as to any material fact regarding the defense of laches. The court also granted defendants' motion to strike plaintiff's affidavit on that ground that the affidavit failed to comply with Supreme Court Rule 191(a).

Opinion

Plaintiffs contend that the order granting the summary judgment motion on the ground of laches was incorrect because there was a genuine issue of material fact on the question of whether there was unreasonable delay by plaintiff in bringing suit. They also contend that the order striking the affidavit was incorrect because the affidavit did comply with Rule 191(a). We agree with both contentions.

■■ ■ Laches has been defined as "such neglect or omission to assert a right, taken in conjunction with a lapse of time of more or less duration and other circumstances causing prejudice to an adverse party, as will operate to bar relief in equity." (*Pyle v. Ferrell* (1958), 12 Ill. 2d 547, 552,

147 N.E.2d 341, 344.) A lapse of time, no matter how great, will not bar a suit in chancery on the ground of laches where an excuse is given for the delay which would make it inequitable to bar the cause of action. (7 Ill. L. & Prac. *Chancery* §120 (1954).) In order to charge a plaintiff with laches, it is essential that the plaintiff knows the facts upon which her claim is based. *Zegers v. Zegers, Inc.* (1976), 38 Ill. App. 3d 546, 348 N.E.2d 210.

■■ We find that the record in this case evidences a genuine issue as to when plaintiff acquired the knowledge necessary to bring her cause of action. Plaintiff claims that she only became aware of her cause of action after George had died on September 20, 1975. She filed suit within a year and one-half of George's death. Defendants, on the other hand, claim that plaintiff acquired the knowledge necessary to file her suit by at least June 13, 1947, the time when William's estate filed suit against both George and John. If such were the case, then plaintiff did not file the instant suit until approximately 31 years later. In light of these conflicting claims, and insufficient evidence to support one over the other, a genuine issue of material fact does exist in this case.

We do not agree with defendants' argument that George's verified answers to William's 1947 complaint constitutes a denial of the facts supporting the allegations giving rise to the trust and as such eliminates any genuine issue on the question of when plaintiff acquired the knowledge necessary to bring her cause of action. As pointed out by plaintiff in her brief, George's answers were directed only at the allegations in William's complaint and, at best, can only be construed as a repudiation of William's interest. If George's answers are to mean anything more than this, the record must so indicate.

We disagree with the trial court's characterization of plaintiff's complaint as a complaint seeking to impress a *resulting trust* on the property in question in this case. Plaintiff's response to defendants' summary judgment motion refers to her action as a constructive trust and her complaint contains proper allegations to support such a theory. A constructive trust is a trust imposed by a court of equity to prevent a party from holding for his or her own advantage property which he or she had acquired through fraud or by taking advantage of a fiduciary relationship. (*Anderson v. Lybeck* (1958), 15 Ill. 2d 227, 154 N.E.2d 259.) A fiduciary relationship "exists in all cases where one reposes trust and confidence in another who thus gains a resulting influence and superiority which has been abused." (*Anderson*, 15 Ill. 2d 227, 232, 154 N.E.2d 259, 262.) Plaintiff alleges that George was entitled to a one-half interest in the property which was operated by the two corporations and that because of the fact that the corporations' minute books, which were kept by his brother, John, were in a confused state, his interests were not accurately

reflected in the records. If these allegations are proven at trial, plaintiff will be entitled to the imposition of a constructive trust on the property which is presently in John's estate.

■ We also disagree with defendants' argument that laches bars this suit seeking the imposition of a constructive trust because plaintiff did not file within five years of when the brothers allegedly first entered into their joint business enterprises. The rule is that suit must be filed within five years of the time when the fraud or violation of fiduciary duty is discovered or reasonably should have been discovered. (*Tarpoff v. Karandjeff* (1959), 17 Ill. 2d 462, 162 N.E.2d 1.) Plaintiff claims that she only discovered the violation after September 20, 1975. Since the issue of when in fact plaintiff acquired the knowledge necessary to bring her cause of action is unresolved, we cannot say at this point that plaintiff has failed to file suit within the five-year period.

In addition to the genuine issue as to when plaintiff acquired the knowledge necessary to bring suit, we find that a genuine issue existed as to whether any delay on plaintiff's part has prejudiced defendants. Defendants claim prejudice on grounds that several individuals who might have knowledge of the transactions involved in this case were either dead or incompetent. Plaintiff claimed no prejudice because there were other individuals still living who could testify as to the material facts of the transaction. Plaintiff listed these individuals and explained generally the type of knowledge which they possessed in her response to defendants' summary judgment motion and also filed an affidavit in which she stated that the people named in her response were still alive and possessed knowledge of material facts regarding the involved transaction. The trial court struck the affidavit, finding it not to be in conformity with Supreme Court Rule 191(a) (73 Ill. 2d R. 191(a)).

■■ Supreme Court Rule 191(a) provides in pertinent part that affidavits in support of motions for summary judgment "shall be made on the personal knowledge of the affiants; * * * shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." (73 Ill. 2d R. 191(a).) Affidavits submitted in support of summary judgment motions should be construed strictly, while affidavits in opposition to the motion should be construed liberally. (*Hendricks v. Deterts* (1973), 13 Ill. App. 3d 976, 301 N.E.2d 625.) This rule is applied because summary judgment is a drastic method of disposing of a case and should only be granted if there is an absence of doubt on the issues. *Doran v. Pullman Standard Car Manufacturing Co.* (1977), 45 Ill. App. 3d 981, 360 N.E.2d 440.

■■ Liberally construing plaintiff's affidavit, we find that it does conform with Rule 191(a) and creates a genuine issue on the question of prejudice to defendants. Although plaintiff's affidavit does not expressly state that it

is made on her personal knowledge, we believe that the facts which are stated in the affidavit are the type of facts which she could testify to through personal knowledge. As executor of George's estate and complainant she was interested in the joint business enterprises of the Mitchell brothers, and she certainly would be in a position to acquire information concerning persons who might have some knowledge of those enterprises. Having acquired such knowledge, she could then testify to it at trial. Though plaintiff should have phrased her affidavit in terms of personal knowledge, we believe that the facts stated in her affidavit are such as to be liberally construed to have been known through personal knowledge.

Nonetheless, even assuming that the affidavit did not conform to Rule 191(a) and was thus properly stricken by the trial court, there would still be a genuine issue of fact on the question of prejudice to defendants. Defendants' affidavit, which would be taken as true if plaintiff's affidavit were stricken, does not rebut plaintiff's allegation in her response to the summary judgment motion that there were other named individuals who had knowledge of the material facts of the involved transaction. This allegation, unrebutted as it was, creates a genuine issue on the question of prejudice and provides, therefore, further reason for a reversal of the trial court's order granting the summary judgment.

Reversed and remanded.

LORENZ and MEJDA, JJ., concur.