UNITED STATES of America, Plaintiff,

v.

**9760 17TH STREET, ZION, ILLINOIS, Defendant.**

No. 92 C 2065.

United States District Court, N.D. Illinois, E.D.

Oct. 30, 1992.

Ramune Rita Kelecius, U.S. Attorney's Office, Chicago, Ill., for U.S.

Steven Mark Burgeman, Lake County State's Attorney's Office, Waukegan, Ill., for Lake County Illinois.

James William Reilley, Dianne Ruthman, James W. Reilley & Associates, Des Plaines, Ill., for Hazel M. Stevens.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

The United States, pursuant to 21 U.S.C. § 881(a)(7), seized 9760 17th Street, Zion, Illinois in an *in rem* forfeiture action. Hazel M. Stevens ("Mrs. Stevens") brought a claim contesting the seizure and requesting its return to her, as a person with an ownership interest in the property. The government now moves to strike Mrs. Stevens' claim, alleging that she has failed to establish an ownership interest in the property sufficient to give her Article III standing.

### I. Factual Background

Mrs. Stevens' grandson is Michael Ray Cain ("Cain"). In 1978, Mrs. Stevens' husband died. Wanting to make sure that Cain would have the house at 9760 17th Street when she died, Mrs. Stevens executed a warranty deed for the property, putting title in Cain's name.

From 1978 until shortly after the seizure of the property, Cain lived alone in the house. Mrs. Stevens owned and resided in the house next door. During that time, Mrs. Stevens had free access to the house and all rooms inside. She paid most of the bills for the house, including the property taxes.[1] According to the claimant, both she and Cain considered the house to be hers until her death.

In March, 1992, the government seized the property at 9760 17th Street in Zion, Illinois. The seizure occurred after undercover policemen purchased marijuana from Cain at the house.

### II. Discussion

■ In order for a claimant to contest the seizure of property, she must demonstrate an ownership interest in the proper-

---

**1.** Although she paid the property taxes, Cain's name was on the tax bill. Stevens Dep. at p. 48.

ty sufficient to establish standing under Article III of the Constitution. *See United States v. United States Currency, in the amount of $103,387.27,* 863 F.2d 555 (7th Cir.1988); *United States v. $501,958, Held at First Nat'l. Bank of Elgin,* 633 F.Supp. 1300 (N.D.Ill 1986). Here, Mrs. Stevens has failed to demonstrate such an interest.

It is clear that after she transferred title in the property to her grandson, Mrs. Stevens continued to have significant access to and participation in the affairs of the house. She had a key, and she paid many of the bills for the house. In some instances, where an individual expressly transfers title to a non-relative, this might suffice to negate the express provisions of the warranty deed executed in Cain's favor. *See In re Morys' Estate,* 307 N.E.2d 669, 17 Ill.App.3d 6 (1973).

However, in Illinois there is a strong presumption that when a parent places title in a child, they are making a gift or advancement.[2] *Nordlund v. Nordlund,* 452 N.E.2d 18, 72 Ill.Dec. 86, 116 Ill.App.3d 223 (1983). This presumption is compelling here. Although Mrs. Stevens claims that she intended only to ensure that her grandson received her property upon her death, she could have accomplished that objective by other means. She could have put the house in joint tenancy, or even made out a will.[3] She chose neither of these more narrow options. Accordingly, we find that Mrs. Stevens has not demonstrated an ownership interest in the property sufficient to establish standing in this case.

### III. Conclusion

For the foregoing reasons, we grant the government's motion to strike the claim and answer filed by Mrs. Stevens. It is so ordered.

---

**2.** The same rationale applies when the grantor is a grandparent.

**3.** We do not find it persuasive that Mrs. Stevens did not have a will at the time of the transfer.

Not only could she have drafted one, but it appears that she has created one in the interim. *See* Stevens Dep. at pp. 49–50.